## LINDSAY vs. THE STATE.

1. An indictment for selling spirituous liquors to a slave, which alleges that the defendant sold "to one Henry, a slave, the property of one M. H., a certain commodity, to-wit, one gallon of whiskey, without the consent of the master, owner or overseer of said slave, either verbally or in writing, expressing the article permitted to be sold, being first had and obtained," is good under the Act of 1850, (Pamphlet Acts, 1849-50, p. 49.)

2. An indictment for selling *whiskey* to a slave cannot be supported by proof of the sale of any other kind of liquor, although the liquor specified is laid under a *videlicet*.

ERROR to the Circuit Court of Montgomery. Tried before the Hon. John D. Phelan.

WATTS, JUDGE & JACKSON, for plaintiff in error.

ATTORNEY GENERAL, for the State.

COLEMAN, J.—The charge in the indictment in this case is, that the defendant sold " to one Henry, a slave, the property of one Maria Herron, a certain commodity, to-wit, one gallon of whiskey, without the consent of the master, owner or overseer of said slave, either verbally or in writing, expressing the article permitted to be sold, being first had and obtained."

The defendant contends that the indictment is not good, because it was framed under the act of 1841, which was repealed by the act, " the more effectually to suppress the evil practice of trading with slaves," passed in 1850. We think that the first act was repealed in part by the latter, but we consider the indictment good under the latter act. The exception in the indictment in favor of the defendant, is much broader than he was entitled to under the last act, and giving him all, and even more latitude than he was entitled to, he certainly ought not to complain.

On the trial, it was proven that the defendant sold and delivered to the slave named in the indictment, several drinks of either ale or whiskey, but of which, the witness could not state.

The court refused the defendant's request to charge the jury

that if they were not satisfied from the evidence, beyond a reasonable doubt, that the article sold was whiskey, they must find for the defendant, and charged the jury that the commodity averred to have been sold to the slave being laid under a *scilicet*, it was not necessary to prove the particular commodity named, but proof of the sale of any other commodity of a like kind, by the defendant to said slave, would be sufficient to sustain the indictment. The indictment in this case very properly specified the particular commodity alleged to be sold to the slave. It was necessary to enable the defendant to prepare for his defence, and to enable him to plead a conviction or acquittal upon this indictment in bar of another prosecution for the same offence. But it was also necessary that the fact be proved as alleged. Any material variance between the fact laid and the fact proved, the *allegata* and *probata*, will be fatal. As, for instance, (the well known case,) an indictment for stealing a pair of shoes cannot be supported by evidence of a larceny of a pair of boots.

It is well settled that even an unnecessary allegation, but which is descriptive of the identity of that which is legally essential to the charge, must be proven as laid. Thus, an indictment for stealing a black horse will not be supported by proving the stealing of a horse of some other color. The allegation in this case, that the defendant sold whiskey, was not supported by the proof that he sold ale. The court erred in ruling to the contrary, and the judgment is therefore reversed and remanded.