# JOHNSON vs. THE STATE.

[INDICTMENT FOR ASSAULT AND BATTERY.]

1. *Election by prosecution.*—Under an indictment charging the commission of an assault on the prosecutor, " by striking at him with a stick, and cutting him with a knife," the evidence adduced on the trial showing that, during an altercation between the parties, the prisoner " held a stick in his hand, which he raised in a striking position, and approached the prosecutor in the act of striking, and would have struck if the prosecutor had not got out of the way"; that the parties were at that time about four feet apart; " and that soon afterwards, at the same place, the prisoner followed the prosecutor over a fence, for about thirty yards, with a drawn knife in his hand, and threatening the prosecutor, the parties not being nearer than within e'ght or ten feet of each other,—*held*, that these facts did not present a case for an election by the prosecuting officer.

2. *Variance.*—Under an indictment which charges the commission of an assault on the prosecutor, " by striking at him with a stick," if the evidence only shows an attempt or offer to strike with a stick, there is a fatal variance between the allegations and proof.

FROM the Circuit Court of Montgomery.

Tried before the Hon. JOHN GILL SHORTER.

THE indictment in this case charged, that the prisoner, Daniel Johnson, " did make an assault on Berry Freeman, by striking at him with a stick, and cutting him with a knife, against the peace and dignity of the State of Alabama;" and the case was tried on issue joined on the plea of not guilty. "The testimony showed, that the prisoner and Berry Freeman, the prosecutor, got into a dispute and difficulty about the payment of a note; that the prisoner held a stick in his hand, which he raised up in a striking position, and said to the prosecutor, 'Do you charge me with perjury'? and approached him in the act of striking, and would have struck if the prosecutor had not got out of the way, but did not strike at the prosecutor with the stick; that the parties were about four feet apart at the time of raising the stick, and when the prisoner first advanced; that soon afterwards, at the same place, the prisoner followed the prosecutor over a

fence, for about thirty yards, with a drawn knife in his hand, and threatening the prosecutor,—the parties not being nearer than within eight or ten feet of each other; and that all this occurred in Montgomery, within twelve months before the finding of the indictment. After the proof was made as to the raising of the stick, as above set forth, the prisoner objected to the introduction of the proof about the drawn knife; but the court overruled the objection, and permitted the evidence to go to the jury; to which the prisoner excepted. This being all the evidence, the prisoner thereupon asked the court to charge the jury, that they could not, under the indictment, find him guilty of a assault with a stick, unless they were satisfied from the evidence that he struck at the prosecutor with a stick. The court refused to give this charge, and the prisoner excepted to its refusal."

WATTS, JUDGE & JACKSON, for the prisoner.—1. If what occurred between the prisoner and the prosecutor when the stick was raised, amounted to an assault, then the State elected, by first proving that offense, to rely on it for a conviction; consequently, the admission of the evidence subsequently offered, showing what afterwards occurred when the prisoner followed the prosecutor with a drawn knife, was erroneous.—Elam v. The State, 26 Ala. 48; Cochran v. The State, 30 Ala. 542.

2. The indictment charges the assault in particular and precise terms,—more particular and precise, indeed, than the law required; but the unnecessary averment, being descriptive of the offense, must be proved as charged. To authorize a conviction under the indictment, it was necessary for the prosecutor to prove that the prisoner either cut him with a knife, or struck at him with a stick. There was an entire failure of proof as to the alleged assault with a knife; and the evidence on the other point, even if sufficient to establish an assault with a stick, does not prove such an assault as was necessary, under the allegations of the indictment, to authorize a conviction in this case.—2 Russell on Crimes, 788, 793–5; Roscoe's Crim. Evidence, 102–4; Commonwealth v. Gallagher, 6 Metcalf,

565; Felix v. The State, 18 Ala. 720; Lindsay v. The State, 19 Ala. 560.

M. A. BALDWIN, Attorney-General, *contra.*—1. That the facts disclosed by the bill of exceptions show an assault, see 2 Bishop's Criminal Law, § 36, and authorities cited; also, Lawson v. The State, 30 Ala. 14.

2. Neither the indictment, nor the evidence adduced on the trial, presented a case for an election by the State. The raising of the stick to strike, and then pursuing with the knife, were parts of one and the same transaction. 1 Parker's Criminal Cases, 155; Shaw v. The State, 18 Ala. 547.

STONE, J.—We do not think this record presents a case for putting the prosecuting attorney to an election of offenses. The record does not inform us that there were two offenses, or distinct acts, for which the State would have been justified in proceeding separately. On the contrary, both acts are averred and proved in a manner to create the impression that the one succeeded the other so nearly in point of time, as to constitute in fact but one transaction.

It is no objection, that the assault in this case is averred to have been committed with a knife, and with a stick. The fact that, in one rencounter, both a knife and a stick may be used by one and the same assailant, is conclusive to show that an indictment may charge that the assault was committed with both weapons.—Shaw v. The State, 18 Ala. 547.

An assault is an attempt, or offer, to do another personal violence, without actually accomplishing it. A menace is not an assault; neither is a conditional offer of violence. There must be a present intention to strike. On the question, how far the intention must be carried into actual execution, before the assault becomes complete in law, the authorities do not agree. Holding a gun in a threatening position, without any attempt to use it, or intention to do so, unless first assaulted by the adversary, is not an assault.—Blackwell's case, 9 Ala. 79. Drawing

a pistol, without presenting or cocking it, is not an assault, as was decided in Lawson v. The State, 30 Ala. 14. The subject is considered in the following adjudged cases: The State v. Davis, 1 Ired. Law, 125 ; Morton v. Shopper, 3 Car. & Payne, 373 ; Stephens v. Myers, 4 Car. & Payne, 349 ; 1 Bish. Cr. Law, § 409 ; 2 Bish. Crim. Law, § 36.

We find no case, or statement of the principle, which holds that, to constitute an assault, the defendant must actually *strike at* the person on whom the assault is charged to have been committed. Raising a stick, with intention to strike, so near to the party assailed as to endanger his person ; and forcing him, under a well grounded apprehension of personal injury, to strike in self-defense, or to save himself by flight, is an assault for which the party may be punished.

The indictment in this case charges, that the assault upon Berry Freeman was committed *by striking at* him with a stick. The proof fails to show a *striking at* Berry Freeman, but only shows an attempt or offer to strike. This record, then, presents the familiar principle of unnecessary particularity of averment. Being descriptive of the offense, it became necessary to prove it as laid. The testimony failing in this particular, there was a variance between the averment and the proof. If the indictment had charged, that the defendant made an assault, and struck at, &c., it is probable the doctrine of surplusage would apply. But the averment did not take that form.—See Smith v. Causey, 28 Ala. 655; Lindsay v. The State, 19 Ala. 560 ; Commonwealth v. Gallagher, 6 Metcalf, 565 ; Roscoe's Cr. Ev. § § 102–3–4 ; 2 Russ. on Cr. 788, 794–5.

For the variance between the averment and the proof, the judgment of the circuit court is reversed, and the cause remanded.