# FULLER vs. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Burglary in a dwelling house; what necessary to constitute.*—There can be no conviction on an indictment for burglary in a dwelling house, unless it is proved that some one resided in the house.
2. *Possession of goods; what necessary to make evidence against accused.*— To make the possession of goods evidence against a person charged with stealing them, the larceny must be proved.

APPEAL from the Criminal Court of Dallas. Tried before Hon. GEO. H. CRAIG.

The appellant was indicted for burglary in a dwelling house, and convicted. The indictment contained two counts; the first charging the burglary in the dwelling house of John Robbins, and the second in that of Peyton Borge.

There were but two witnesses examined, and both on the part of the State. The first witness, John Robbins, testified, in substance, that he knew the house reported to have been broken open; that it was his house; that it was in Dallas county; that having heard a description of a man loitering about the house, shortly before it was reported to have been broken open, he went in search of him, found defendant, and after some conversation with defendant, called in Peyton Borge and told him defendant was the man they were after; that defendant ran, and Robbins and Borge pursued and captured him; that when defendant was brought back to the house from which he ran, defendant went into the yard and took up a carpet bag which he had left. This carpet bag contained a pair of pants and some other clothes. The pants "were the same that the witness had a short time before given to some of the boys on the place." Borge claimed the carpet bag and things in it in presence of defendant, who answered that he had had the carpet bag and things all the time, and that they belonged to him."

· The other witness, Huey, testified that he saw defendant near the house a short time before it was reported to have been broken into; that "on that evening the carpet bag found in possession of defendant was hanging up behind a door in the house; that it was the same bag he saw hanging up in Peyton's house; that when he saw defendant loitering about the house, it was late in the evening, and witness was cutting wood for Mrs. Robbins and ate his dinner at Peyton Borge's house; that when Peyton left the house in which the carpet bag was, he shut and locked the door, and then put the key in a crack."

This was the substance of all the evidence. The defendant requested the court to give the following written charges :

1st. The fact that the goods were stolen has not been proved by competent evidence, and if the possession of the goods is the only evidence to prove the burglary, the jury must acquit the defendant.

2d. If you believe the evidence, you must acquit the defendant.

The court refused to give either of said charges, and the defendant excepted.

SATTERFIELD & YOUNG, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*

PECK, C. J.—We think both the charges asked by the defendant should have been given.

The evidence was insufficient to prove that the house had been broken and entered by the defendant; it did not prove that the house had been broken at all. Nor was there any evidence that the carpet bag had been in fact stolen. In other words, no larceny was proved.

To make the possession of goods evidence against a party charged with stealing them, the larceny must first be proved, and then the possession of the stolen goods *may* be presumptive evidence of guilt, unless the party found in the possession of goods can show how he came by them.

Neither did the evidence prove that the house, charged to have been broken and entered, was a dwelling house. A dwelling house is the apartment, building, or cluster of buildings, in which a man with his family resides.—1 Bishop's Cr. Law, § 295.

The evidence did not show that any family resided in the house charged to have been broken and entered. It clearly was not the dwelling house of the witness Robbins, and the evidence failed to prove that Peyton Borge resided in the house.

The judgment must be reversed, and the cause remanded for a new trial.