# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

STATE OF NEVADA,

JULY TERM, 1884.

---

[No. 1185.]

## THE STATE OF NEVADA, RESPONDENT, v. CHARLEY DAN, APPELLANT.

CRIMINAL LAW—BURGLARY—INHABITANCY OF BUILDING—STATUTES CONSTRUED.—In construing the statutes of this state defining burglary (Stat. 1861, 66; 1869, 65): *Held*, that the language of the statute is broad enough to include buildings of any kind, regardless of the fact of inhabitancy.

IDEM—DESCRIPTION OF PREMISES—OWNER—TENANT—VARIANCE.—Where the premises are described in the indictment, as belonging to a certain person, the further allegation that the premises were occupied by a particular tenant is immaterial, and a failure to prove the latter allegation is not a variance, as its only office was to further identify premises already sufficiently described.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts sufficiently appear in the opinion.

*Robert M. Clarke,* for Appellant:

I. It is not burglary under the statute of Nevada to

break and enter an unoccupied house with intent to steal, etc. (1 Comp. L. 2365.) A penal statute must be strictly construed. The words of the statute must be construed together and made consistent, and the spirit of the act must prevail. Inhabitancy is essential to complete the crime under the precedent and principal clause, and the subsequent and subordinate clauses must be held to require the like conditions. (Sedg. Stat. and Const. Law 279, note a; *City of St. Louis* v. *Laughlin,* 49 Mo. 559.) At the common law, the "house" must be inhabited. It must be a dwelling house. (Rus. on Cr. 746–8.)

II. A breaking having been alleged, it was necessary to prove it as alleged.

III. The averment that the building was a dwelling house occupied by Sadie Ray is descriptive of the offense, and must be proved as laid. A house is not a dwelling unless inhabited. (Bish. Stat. Cr. sec. 279; Whar. Cr. Law, secs. 781–84; *State* v. *Warren,* 33 Me. 30.) It is necessary to aver ownership. (Bish. Cr. Pro. 135–9.) And the ownership should be laid in the tenant and occupant; because the trespass is against the tenant, and the proof should support the averment. (*Beall* v. *State,* 53 Ala. 460; Russ. on Cr. 806, *et. seq.*; Whar. on Cr. Ev. secs. 94, 101; Whar. Cr. Law, sec. 932; Roscoe Cr. Ev. 353, 366; *People* v. *Stickman,* 34 Cal. 242; *People* v. *St. Clair,* 38 Cal. 137; *People* v. *Barnes,* 48 Cal. 551; *Rodgers* v. *People,* 86 N. Y. 360; *Moore* v. *People,* 47 Mich. 639; *State* v. *McGowan,* 20 Conn. 245; Ros. Cr. Ev. 85, 88.)

*J. D. Torreyson,* District Attorney of Ormsby county, for Respondent.

I. The indictment alleges the breaking and entering *with force.* Proof of an entry *without force* will be sufficient. (1 Comp. Laws 2365; *State* v. *Watkins,* 11 Nev. 30.)

II. It is not necessary that the dwelling house should be occupied or inhabited in order to constitute burglary. Every house for the dwelling and habitation of man is a dwelling house. (2 Bish. Cr. Law, sec. 104; 2 East P. C. 491;

4 Bl. Com. 224; *People* v. *Stickman*, 34 Cal. 242; *Com.* v. *Reynolds*, 122 Mass. 454; *State-* v. *Meerchouse*, 34 Mo. 345; *State* v. *McGowan*, 20 Conn. 245.)

III. If a person leaves his house *animo revertendi*, though no person resides there in his absence, it is burglary to break and enter it. (4 Black. Com. 224, note 7; Post. 77; 1 Hale P. C. 566; 1 Whar. Cr. Law, sec. 791; *Johnson* v. *State*, 48 Ga. 116; *Dick* v. *State*, 53 Miss. 384; *State* v. *Bishop*, 51 Vt. 287.)

IV. There is no material variance between the indictment and the proofs. (1 Comp. Laws, 1864; *People* v. *Hughes*, 29 Cal. 257, 262; *People* v. *Edwards*, 59 Cal. 359; *People* v. *Shainwald*, 51 Cal. 468, 470.)

V. The allegation in the indictment, to-wit: "Said dwelling house being occupied under a verbal lease by one Sadie Ray as a dwelling house" may be treated as surplusage, and stricken out without destroying the indictment. (1 Comp. L. 1864, 2214; Whar. Cr. Ev. sec. 138; *People* v. *Hughes*, 29 Cal. 257; *State* v. *Lawry*, 4 Nev. 161; *State* v. *Corrigan*, 24 Conn. 286; *Burk* v. *State*, 5 Tex. (C. App.) 74; *Coleman* v. *State*, 2 Tex. (C. App.) 514; *State* v. *Burt*, 25 Vt. 373; *State* v. *Elliot*, 14 Tex. 426; *Miller* v. *State*, 69 Ind. 284; *Miles* v. *U. S.* 103 U. S. 304; *McCarney* v. *People*, 83 N. Y. 408.) In rejecting these words as surplusage the indictment is left perfect, and the defendant can in no way be prejudiced. They are merely unnecessary words.

By the Court, BELKNAP, J.:

At the common law inhabitancy of the building in which the offense was committed was one of the tests of the crime of burglary. It is said that the words "house or building," in section 2365 of the crimes act, are used in the same sense as at common law. Our statute as originally adopted declared that the offense may be committed in "any dwelling house, or any other house or building whatever." (Stat. 1861, 66.) The statute was amended in 1869 so as to read "any dwelling house, or tent, or any other house or building whatever."

(Stat. 1869, 65.) In its original form the language of the statute was broad enough to include buildings of any kind, regardless of the fact of inhabitancy. (*People* v. *Stickman*, 34 Cal. 245.) It cannot be pretended that the scope of the statute was restricted by the amendment.

As to the question of a variance between the proof and the indictment, arising from the fact that the tenant had surrendered the possession of the house to the landlord a few hours before the commission of the burglary, we think it cannot avail. The proof shows the offense to have been committed in the house of Joseph Olcovich, as charged in the indictment. The allegation that the house was occupied by Sadie Ray, as lessee of Olcovich, was, under the facts, immaterial, and could perform no other office than to further identify premises already sufficiently described. (*Com.* v. *Reynolds*, 122 Mass. 454 ; *Anderson* v. *State*, 48 Ala. 665.)

Judgment and order affirmed.