# Gilmore *v.* The State.

*Indictment for Burglary.*

1. *Unnecessary averments in indictment.*—In an indictment for the burglary of a dwelling-house, an averment that "goods, or clothing, things of value," were kept therein for use, sale, or deposit, is unnecessary, but, being matter of description, must be proved; and the averment is not supported by proof of the fact that a bed and a bureau were kept in the house for use, no proof of their value being adduced, or that they were of any use.

2. *Relevancy of evidence as tending to show motive.*—Under an indictment charging the burglary of a dwelling-house with intent to steal,
VOL. XCIX.

[Gilmore v. The State.]

the prosecution may prove, as tending to show a motive for the offense, a conversation had between the owner of the house and the defendant, about a month before the burglary, which tends to show that the defendant knew or believed that money was kept in the house.

3. *Tracks or foot-prints as evidence; to what witness may testify.*—The evidence showing that, on the morning after the burglary, naked foot-prints were found on the ground pointing to and from the house occupied by the defendant, and he voluntarily making tracks near them, a witness may testify that he measured the two sets of tracks, and that they were the same.

4. *Confessions of third person as evidence.*—In a criminal case, the confessions of a third person, to the effect that he committed the offense, are not admissible as evidence for the defendant.

5. *Charges as to sufficiency of evidence and reasonable doubt.*—A charge instructing the jury, in a criminal case, "that the innocence of the defendant should be presumed until his guilt is established by evidence in all the material aspects of the case beyond a reasonable doubt and to a moral certainty;" or, "that the evidence, to find him guilty as charged, must be strong and cogent, so strong and cogent as to show his guilt to a moral certainty,"—each asserts a correct legal proposition, and its refusal is reversible error.

6. *Argumentative charge as to evidence of foot-prints.*—A charge instructing the jury, "as to foot-prints, that where no peculiar marks are observed, but the correspondence thus proved is merely in point of superficial shape, outline and dimensions, and those of the ordinary character, it may serve to confirm a conclusion established by independent evidence, but can not be in itself safely relied on, on account of the general resemblance known to exist among the feet and shoes of persons of the same age and sex," is properly refused because argumentative.

7. *Charge as to hypothesis of guilt.*—A charge instructing the jury that, "before they should convict the defendant, the hypothesis of his guilt should flow naturally from the facts proved, and be consistent with all of them," asserts a correct legal proposition; but the jury should keep in mind the distinction between facts proved and matters given in evidence.

8. *Charges as to sufficiency of evidence in excluding probability of innocence.*—A charge which instructs the jury that the evidence in all criminal prosecutions, "to justify a conviction, should be such as to exclude a rational probability of innocence," is inapt, confusing and misleading, and is properly refused; but a charge instructing them that they "must believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt; and if the prosecution has failed to furnish such measure of proof, and to impress the minds of the jury with such belief of his guilt, they should find him not guilty,"—is correct, and ought to be given.

9. *Charge as to sufficiency of evidence.*—A charge instructing the jury that, "no matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof which the law requires,"—is correct and ought to be given.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

The indictment in this case charged that the defendant,

[Gilmore v. The State.]

a freedman, "with the intent to steal, or to commit a rape, broke into and entered the dwelling-house of James E. Moore, in which goods or clothing, things of value, were kept for use, sale or deposit." On the trial, said James E. Moore testified, on behalf of the prosecution, that his dwelling-house was broken into and entered one night in June, 1892; that the house consisted of two rooms, which were separated by an open hall, or passage-way; that his wife aroused him in the middle of the night, screaming, and saying that some one was in the room; and that he then heard some one run out through the hall. Mrs. Moore testified that, while lying in bed awake, she heard her puppy whining in the other room, as if at the approach of some one, and then heard some one walking lightly over the floor, and "working at the handles of the bureau;" that he then came into the room where she and her husband were in bed, approached the bed, and "peered down at her," but did not touch her; that she then screamed and aroused her husband, and that she recognized the defendant as the intruder. Mrs. Moore further testified that, "about a month or more before the burglary," the defendant came to the house, and wanted to borrow two or three dollars; that she told him she had no money, and he replied, "if he had as much money as she had, he would not want to work any more." The defendant objected to this evidence, "on the ground that it was illegal, irrelevant, and too remote;" and he excepted to its admission. Jas. E. Moore testified, also, that on the morning after the burglary, he found tracks made by a naked foot, running up to his house, across a plowed field, from the defendant's cabin, and returning to it by a circuitous route; that when the defendant came for his mule in the morning, to begin plowing, he asked him to pull off his shoes and make tracks near the others, and defendant did so without objection; that he measured the tracks, and found that they corresponded with the others in length and breadth, and that there were no peculiarities about any of the tracks. This testimony was admitted without objection, but afterwards, when one Everett, another witness for the prosecution, testified to his measurement of the tracks and their correspondence in length and breadth, the defendant objected and excepted to the admission of his testimony, on the ground that it was the mere expression of an opinion, and the witness was not shown to be an expert. A witness for the defendant testified that he saw one Allen Cooper coming from the direction of Moore's house, about 12 o'clock the night of the burglary; and Moore had testified that said Cooper and

the defendant lived on the same place, and wore "about the same size of shoes." The defendant offered to prove by two witnesses that said Cooper confessed to them, about two months after the burglary, that he committed it. The court excluded this evidence, and the defendant excepted.

The defendant requested the following charges in writing, and duly excepted to their refusal : (1.) "The jury in this case have nothing to do with the existence of Jesus Christ, or the manner in which his existence could be proved, but must try the case on the facts." (2.) "There is no evidence in the case of the existence of Jesus Christ, the jury are not trying any such issue, the pert allusions of the prosecuting attorney are not evidence, and they can not have the slightest weight in the case." (3.) "The evidence against the defendant is partly circumstantial, and his innocence should be presumed by the jury until his guilt is established by evidence in all the material aspects of the case beyond a reasonable doubt, and to a moral certainty." (6.) "The evidence against the defendant is partly circumstantial, and his innocence must be presumed by the jury, until the case against him is proved in all its material circumstances beyond a reasonable doubt ; to find him guilty as charged, the evidence must be strong and cogent, and unless it is so strong and cogent as to show his guilt to a moral certainty, the jury must find him not guilty." (8.) "As to foot-prints : Where no peculiar marks are observed, but the correspondence thus proved is merely in point of superficial shape, outline and dimensions, and those of the ordinary character, it may serve to confirm a conclusion established by independent evidence, but can not be in itself safely relied on, on account of the general resemblance known to exist among the feet and shoes of persons of the same age and sex." (10.) "Before the jury should convict the defendant, the hypothesis of his guilt should flow naturally from the facts proved, and be consistent with all of them." (12.) "In criminal prosecutions, to justify a conviction, the evidence should be such as to exclude a rational probability of innocence." (13.) "The humane provision of the law is, that there should not be a conviction upon the evidence unless to a moral certainly it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts,if they can be reconciled with the theory that some other person may have done the acts, then the guilt of the accused is not shown by that full measure of proof which the law requires." (14.) "The only foundation for a verdict of guilty in this case is, that the entire

[Gilmore v. The State.]

jury shall believe from the evidence, beyond a reasonable doubt and to a moral certainty, that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt; and if the prosecution has failed to furnish such measure of proof, and to impress the minds of the jury with such belief of his guilt, they should find him not guilty." (15.) "The evidence in this case is not sufficient for the jury to find that the defendant entered the house with the intent to commit a rape." (16.) "If the jury believe the evidence, they will find the defendant not guilty." (17.) "Under the evidence in the case, the jury should not find that the defendant entered the house with intent to commit a rape." (20.) "There is no evidence before the jury that there were any goods or clothing, things of value, kept in the house for use, sale or deposit; and unless they are satisfied from the evidence beyond a reasonable doubt, and to a reasonable certainty, that the defendant entered the house with the intent to commit a rape, they should find him not guilty."

R. L. WILLIAMS, and W. L. PARKS, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—The indictment, which is for burglary of a dwelling-house, contains the unnecessary averment that "goods or clothing, things of value," were kept in the house for use, sale or deposit. This averment is clearly one descriptive of the house, and though unnecessary to be alleged, yet, being alleged, it became necessary for the State to prove it. There could be no conviction without such proof. Our adjudications are all one way on this point.—*Lindsay v. State*, 19 Ala. 560 ; *Smith v. Causey*, 28 Ala. 655 ; *Johnson v. State*, 35 Ala. 363, and later cases to same effect. Under the evidence, the jury might have found that there was a bed and bureau in the house, kept for use, but there is no proof that they were of value. There being a total failure of proof of this averment, the defendant was entitled to the general affirmative charge which he requested.

The conversation had by defendant with Mrs. Moore, about a month before the alleged burglary, in reference to borrowing money, tended to show that defendant knew or believed there was money in house, and, therefore, tended to show motive for the alleged burglary. It was properly admitted in evidence.

[Gilmore v. The State.]

The statement of the witness Everett, that he saw the defendant's track, when made by him in Moore's yard, on the morning after the alleged burglary, and measured it, and also measured the length and breadth of the tracks made the night before in the yard, and that they measured the same, was the statement of a collective fact, under our rulings, and admissible.

The inadmissibility of the fact proposed by defendant to be proved by the witnesses Joe and Laura Baxton, that one Allen Cooper had confessed to the commission of this crime, is so palpable as not to require discussion.

We do not care to comment on charges 1 and 2 requested by defendant. Their subject-matter was not involved in, and had nothing to do with, the cause. The court was under no duty to instruct the jury on any such subject.

It is a well settled proposition, that the innocence of the accused is presumed until his guilt is established by evidence, in all the material aspects of the case, beyond a reasonable doubt, and to a moral certainty; and it may also be stated that the evidence of guilt must be "strong and cogent," and that unless it is so strong and cogent as to show the defendant's guilt to a moral certainty he should be acquitted. These are the propositions of charges 3 and 6 requested by defendant, and they should have been given. *Salm v. State,* 89 Ala. 56. The record shows that the evidence against the accused was partly circumstantial, and these charges were not impaired by the assertion therein of that fact.

The 8th charge requested by defendant was purely an argument, and was properly refused.

The hypothesis of guilt, in order to justify conviction, should flow naturally from, and be consistent with, all the facts proved in the cause; and charge 10, so declaring, ought to have been given   The distinction must be kept in mind, however, between *facts proved,* and matters given in evidence. There may be many matters testified to in a cause which are not facts proved. The latter are those which the jury find are established as facts upon a consideration and comparison of all the evidence. These are what the charge in question refers to as "facts proved."

Charge 12 is inapt. A probability of the existence of a thing or condition means that there is more evidence in favor of such existence than against it. The term implies consideration of probative facts. In criminal accusations and trials, there are, to start with, no *"probabilities"* of innocence. There is a presumption of innocence, which is

[Gilmore v. The State.]

conclusive until it is overthrown by evidence. It is true, that after evidence of guilt has been introduced, a probability of innocence, or an overbalancing weight of evidence in favor of innocence, which is the same thing, may arise by the introduction, by the defendant, of countervailing proof; and before there should be a conviction, this probability or weight of evidence should be removed by further evidence of guilt sufficient, with all the evidence in the case, to satisfy the minds of the jury of such guilt beyond a reasonable doubt; and it would not be improper to charge that, if such a probability has arisen, it must have been removed before there can be a conviction. Thus, adverting to charge 14 requested by defendant, it is not improper to instruct, as therein is done, that there must be, as essential to conviction, an exclusion of every probability of innocence and every reasonable doubt of guilt. But, formulated as a general proposition, as in charge 12, "that in all criminal prosecutions, the evidence must be such as to exclude *a rational probability* of innocence," is inapt, confusing and misleading. There are many charges of this nature found in the reports of our criminal trials, drawn, as in this case, without due consideration of the meaning and bearing of terms used, which, if sanction is given to them, tend to bring the law into confusion, rather than to make it certain. All such ought to be set aside, though technically they may assert correct legal propositions.

Charge 13, requested by defendant seems to come squarely up to the principle announced in *Ex parte Acree*, 63 Ala. 234, and should have been given.

Charge 14 ought to have been given. We do not construe it to mean that, if all the evidence in the case is sufficient to convict, there should be no conviction because a sufficiency of it was not introduced by the prosecutor. If the whole evidence establishes the guilt, whether introduced by the State or the defendant, then a sufficiency of proof has been furnished by the prosecutor, within the meaning of this charge.

We have carefully read the evidence, and do not think there is any tending to show that the breaking and entering were done with intent to commit rape. We do not know what may appear on another trial, on this point, but in the condition of the present record, charges 15 and 17 ought to have been given.

Charge 20 is disposed of, by what we have said in reference to those unnecessary averments of the indictment.

[Sims v. The State.]

For the errors mentioned, the judgment is reversed, and the cause remanded.