# Matthews, *et al. v.* The State.

### Larceny.

(Decided March 23, 1917.   74 South. 759.)

1. **Larceny; Variance; Offense.**—Where the term "dwelling house" is used to aggravate the offense and increase the punishment because of the place of the commission of the crime, it was indispensable to a conviction for the higher offense that at the very time of its commission the building should have been used as a dwelling house, and it must be proved as well as alleged.

2. **Same.**—Under § 7324, Code 1907, as amended, Acts 1911, p. 92, there was no fatal variance between the indictment stated that the fixtures were taken from the dwelling house, and the proof that the building was unoccupied, since the word "dwelling" is a non essential, and may be rejected as surplusage.

APPEAL from Montgomery City Court.
Heard before Hon. GASTON GUNTER.
Ned Matthews and Will Matthews were convicted of larceny, and they appeal. Affirmed.

THOMAS & WILEY, and WARREN S. REESE, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BRICKEN, J.—The defendants, Ned Matthews, alias Ed Massey, and Will Massey, alias Will Matthews, together with another (who was not on trial in this case) were jointly indicted

for the offense of burglary and grand larceny. The indictment contained two counts; the first count charging burglary, in that the defendants, with intent to steal, broke into and entered the dwelling house of Mrs. T. C. Johnson. The second count charged grand larceny under section 7324 of Code 1907, as amended by Acts 1911, p. 92, and was as follows:

"The grand jury of said county further charge that before the finding of this indictment [naming the defendants] feloniously took and carried away from a dwelling house, light fixtures which were attached and a part of such dwelling house, the value of which was over five dollars to the owner, Mrs. T. C. Johnson, before being detached from said dwelling house, against," etc.

No objection to the sufficiency of the second count was raised by demurrer or otherwise, and the defendants joined issue by plea of not guilty. The defendants were convicted under count 2 of the indictment, the court having charged the jury that the defendants could not be convicted under the first count. Notwithstanding numerous exceptions were reserved to the rulings of the court pending this appeal, it is conceded both by the appellant's counsel and counsel for the state that the sole question raised on this appeal is the question whether the defendants could legally be convicted under count 2 of the indictment, which charged grand larceny from the building in question. The evidence without conflict disclosed the fact that the house or building in question was an unoccupied, uninhabited dwelling house, the property of Mrs. T. C. Johnson. It is contended that there was a fatal variance between the averments of count 2 of the indictment and the proof in this case. In other words, that the proof must have shown that the designated building was in fact the dwelling house of Mrs. T. C. Johnson at the time of the commission of the alleged offense, in order to meet the allegation in the indictment to this effect.

(1, 2) It has been properly held that where the term "dwelling" house is the gravamen of the offense—where the term was used in the statute to aggravate the offense and increase the punishment because of the place of its commission—to justify a conviction of the higher grade of crime, it was indispensable that at the very time of its commission the building should have been in use as a dwelling house.—*Jefferson v. State*, 100 Ala. 59, 14 South. 627. A dwelling house is defined to be "the apartment, building, or cluster of buildings in which a man with his family

resides;" and it has been held that unless it is shown that some one resided in the house, there cannot be a conviction of burglary for breaking and stealing in it with a felonious intent.—*Fuller v. State,* 48 Ala. 273. The cases above referred to and the authorities supra were based upon section 7324 of the Code before it was amended by Acts 1911, p. 92. But what of said statute since it has been amended? To quote the amendment: "\* \* \* Any person who knowingly, willfully and without the consent of the owner thereof, enters into any dwelling house, store house, warehouse or other building or structure and cuts, breaks, tears out, removes any plumbing fixtures, lead, pipe, copper, lock, grate, mantel, light fixture or other material which has been attached to and a part of such building, the value of which was five dollars or more to the owner before being detached from such house or structure, with the intent to convert it to his own use, shall be guilty of grand larceny and, on conviction, must be imprisoned in the penitentiary for not less than one nor more than ten years."

In this amended statute, is the word "dwelling" the gravamen of the offense? Is it the grievance complained of, the substantial cause of the action? Does the statute aggravate the offense and increase the punishment because of the place being a dwelling, as that word is used in the present statute, as unquestionably it did as used in the original section (7324), before it was amended? We think not; to the contrary, it seems to be manifestly clear that the intention of the Legislature in passing said amendment was undoubtedly to meet the law as laid down in *Jefferson v. State, supra;* for this amendment differs from the original statute and applies, not alone to a dwelling house or the other specially designated and named places, but generally to any other building or structure, without regard to its use or occupancy, and is leveled at the protection of property and not habitation. In fact, any building or structure comes within the provisions of this amendment. The terms "structure," "house," or "building" may be taken to be synonymous. The further purpose of the amendment, it would seem clear, was to reach and protect houses that were temporarily vacant and which were constantly the object of vandals who sought to and did remove plumbing and other fixtures attached to the building, and this regardless of its inhabitancy or character as such. It would appear, then, that the word "dwelling," in this indictment is merely surplusage, and was

[Matthews, et al. v. The State.]

wholly unnecessary. Under the statute as amended, it is immaterial whether it was a dwelling house or any other building or structure; and it certainly cannot be contended that the term "dwelling" house, as used in this indictment, was descriptive of the fact or degree of the crime, for had the indictment omitted the word "dwelling" entirely, still it would have sufficiently charged the crime for the same degree of offense which it does charge with the word "dwelling" preceding the word "house."— *McGehee v. State,* 52 Ala. 224. In *McGehee's Case, supra,* it was held that that part of the indictment which alleged that McGehee was a freedman was mere surplusage, and was not essential, and had no legal effect. Having no legal effect, proof thereof, or the absence of proof thereof, could not affect the indictment. If, on the contrary, the alleged surplusage was descriptive of the offense or degree of crime, or is material to jurisdiction, then it would, in order to prevent a variance, be essential and necessary to be proved as alleged; otherwise there would be a variance fatal to the state's case. But in this case the word "dwelling" is not descriptive of the offense or degree of crime charged; nor is it material to the jurisdiction, for under the amended statute the crime could have been committed in any dwelling house, storehouse, warehouse, or other building or structure. This statute, by saying "other structure or building," shows that the words "dwelling house" or "storehouse" are not essential, and are not descriptive of the fact or degree of crime charged. *Newsom v. State,* 107 Ala. 133, 18 South. 206, bears out this contention. In that case the indictment charged that the defendant stole a full sack of corn from the owner thereof. The evidence showed that the defendant did not steal a full sack of corn, but that he stole only a part of a sack of corn. The court held that the word "full" preceding the words "of corn" was merely surplusage, and might be disregarded; it being immaterial whether the sack was full, or only partially full. On the question of variance, it has been repeatedly held in this state that where an indictment charged that the defendant committed homicide by shooting deceased with a pistol, it may be supported by evidence that the defendant shot deceased with a shotgun.—*Taylor v. State,* 148 Ala. 565, 42 South. 997; *Turner v. State,* 97 Ala. 57, 12 South. 54.

In *Jones v. State,* 137 Ala. 12, 34 South. 681, it was said: "It is sufficient, if the substance of the charge be proved, without regard to the precise instrument used. Though the indictment

charges a particular weapon (knife), the averment is substantially proved, if it be shown that some other instrument was employed, which occasions a wound of the same kind as the instrument charged, and the same consequences naturally follow."

In this case (*Jones v. State, supra*) the court further held that while the indictment charged that the homicide was committed with a knife, and although the jury might not believe that the cutting was done with a knife, still, if they believed that it was done by the defendant with an instrument of like kind, this would be sufficient to sustain the charge that it was done with a knife.

In this case, treating the word "dwelling" as merely surplusage and as being an immaterial averment, we are then confronted with an indictment which alleges the larceny from a house. In the case of *Ford v. State*, 112 Ind. 373, 14 N. E. 241, the court held that the word "house" clearly means a building in the ordinary sense of the word. In the case of *State v. Dan*, 18 Nev. 345, 4 Pac. 336, which is almost identical with the case at bar, the court says: "The word 'house,' in a statute declaring the crime of burglary may be committed in any dwelling house or any other house or building, is to be construed to mean a house without regard to its inhabitants."

Webster's New International Dictionary defines a house as a "structure intended for human habitation." It is seen from this, therefore, that the words "building," "structure," or "house" are used interchangeably, and that the striking of the word "dwelling" would still leave the offense of grand larceny, which seems to be sufficiently charged under section 7324 of the Code, as amended by act approved March 7, 1911 (Acts 1911, p. 92); and therefore there would be no variance in the indictment and the proof that should work a reversal of this case. It is contended that even if the word "dwelling," as used in the indictment in this case, is mere surplusage and an unnecessary averment, still it imposed upon the state an additional burden of proof to meet this allegation, etc. This may be true; but we are of the opinion that this additional burden of proof has been fully met by the uncontradicted evidence in this case; the witness Mrs. A. I. McDonald, when recalled by the defendant, having testified: "That the house was the property of her sister, Mrs. T. C. Johnson; that it was known as a dwelling house and had been built for that purpose, and had been occupied since October 1, 1915

(about two months after the alleged offense), until the time of the trial in the lower court as a dwelling house."

It would appear that there is no merit in this contention, the proof made having fully met each and every averment in the indictment.

As before stated, all other questions arising during the trial of this case were abandoned and conceded by appellants to be without merit. There is no necessity, therefore, to discuss them.

We find no error in the record, and the judgment of the court will be affirmed.

Affirmed.