(77 South. 977)

WALL v. STATE. (1 Div. 270.)

(Court of Appeals of Alabama. Jan. 15, 1918.)

1. ASSAULT AND BATTERY ☞56 — USE OF WEAPON—INFORMATION—SUFFICIENCY.

An affidavit charging that accused assaulted and beat another with a half-gallon glass jug and a stick was sufficient to charge assault and battery with a weapon.

2. INDICTMENT AND INFORMATION ☞125(20) —AFFIDAVIT—DUPLICITY.

Such affidavit was not demurrable for charging two separate offenses conjunctively in the same count, since there was but one assault and battery, though two weapons were used.

3. ASSAULT AND BATTERY ☞96(8)—VARIANCE —USE OF WEAPONS—INSTRUCTIONS.

In prosecution for assault and battery by using a glass jug and a stick, it was not error to charge that the jury, to convict, need not find that accused used both the jug and the stick at the same time.

4. ASSAULT AND BATTERY ☞83—EVIDENCE— ADMISSIBILITY.

A question addressed to prosecuting witness whether he had taken accused's horse from his wagon a day or two before the difficulty, and hitched his own horse thereto and driven accused's horse home, was properly excluded as calling for the details of a prior transaction.

5. ASSAULT AND BATTERY ☞88—EVIDENCE— THREATS.

No evidence of self-defense having been offered on the part of the defendant, it was not competent to introduce evidence of threats on the part of the prosecuting witness some days prior to the difficulty.

6. CRIMINAL LAW ☞678(1) — ELECTION BETWEEN OFFENSES—WHEN PROPER.

In prosecution for assault with a weapon, where the evidence showed that there was but one difficulty, and that accused was the aggressor, and that he struck the prosecuting witness with a glass jug and then with a stick, it was not error to refuse to require the state to elect as to which offense it would seek conviction; the affidavit charging assault both with the jug and the stick.

Appeal from Circuit Court, Monroe County; A. B. Foster, Judge.

Jim Wall was convicted of assault and battery with a weapon, and he appeals. Affirmed.

L. S. Biggs, of Monroeville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. [1, 2] The affidavit charged that the defendant assaulted and beat F. M. Singleton with a half-gallon glass jug and a stick. This was sufficient to charge assault and battery with a weapon, and was not subject to the demurrer that two separate offenses were charged conjunctively in the same count. There was only one assault and battery charged, albeit the charge was that the offense was committed with a jug and a stick.

[3] The court did not err in charging the jury:

"It is not necessary for you to find that defendant struck Singleton with both the jug and the stick at the same time."

If the jug and stick were used during a continuous assault, the one being used at one time and the other at another, it would be sufficient to warrant a conviction.

[4] On cross-examination of the prosecuting witness defendant's counsel asked the question:

---

"Is it not a fact that you had taken the defendant's horse from his wagon a day or two before the difficulty and hitched your horse to the wagon, and ran defendant's horse back home?"

This question called for the details of a prior transaction, and objection to it was properly sustained.

[5] No evidence of self-defense having been offered on the part of the defendant, it was not competent to introduce evidence of threats on the part of the prosecuting witness some days prior to the difficulty, and therefore objections to questions attempting to prove such threats were properly sustained.

[6] At the close of the state's evidence the defendant moved the court to require the state to elect as to which offense it sought a conviction. It having been testified to by the state's witnesses that there was but one difficulty between the parties, that the defendant was the aggressor, and that during the difficulty the defendant struck the prosecuting witness first with a glass jug and afterwards hit him with a stick, it was no case for an election. Johnson v. State, 35 Ala. 363.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.