(86 South. 143)

PORTER v. STATE.    (6 Div. 759.)

(Court of Appeals of Alabama.   June 29, 1920.)

1. INDICTMENT AND INFORMATION ⊜➡110(18)—INDICTMENT FOR BURGLARY OF DWELLING HOUSE NEED NOT EMPLOY STATUTE WORDS "KEPT FOR USE."

Under Code 1907, § 6415, an indictment for burglary need not allege that the goods, wares, or valuable things stolen were "kept for use," etc.; such words of the statute applying only to the building or structures named in the second clause of the section.

2. BURGLARY ⊜➡28(5)—PARTICULAR DESCRIPTION OF DWELLING HOUSE ROBBED NEED NOT BE PROVED.

Where an indictment for burglary of a dwelling house particularly described the premises in which the articles taken were kept, etc., the averment, though unnecessary, must be proven to sustain a conviction.

3. CRIMINAL LAW ⊜➡878(3)—CONVICTION OF RECEIVING STOLEN GOODS ACQUITTAL OF LARCENY AND BURGLARY.

Where the first two counts of the indictment charged defendant with burglary and larceny, and the third with receiving stolen goods, a conviction under the latter count was an acquittal of the other charges.

4. CRIMINAL LAW ⊜➡1134(3)—RULINGS CONCERNING CHARGES OF WHICH DEFENDANT WAS ACQUITTED NEED NOT BE REVIEWED.

Where defendant was acquitted under those counts of the indictment charging burglary and larceny, rulings on issues relating only to those counts need not be reviewed on appeal from a conviction of receiving stolen goods.

5. RECEIVING STOLEN GOODS ⊜➡9(1)—WHERE NO EVIDENCE TO SUSTAIN CONVICTION, AFFIRMATIVE CHARGE PROPERLY GIVEN.

In a prosecution for receiving stolen goods, where there was not even a scintilla of evidence to sustain that charge, the refusal of defendant's request, which was in effect an affirmative charge, was error.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Solomon Porter was convicted of buying, receiving, or concealing stolen property, and he appeals. Reversed and remanded.

The burglary count in the indictment is as follows, omitting formal charging parts:

Solomon Porter feloniously took and carried away from the dwelling house of E. F. Terry [here follows description and value of property], the personal property of E. F. Terry.

The demurrers raise the question discussed in the opinion.

Denson & Ivey, of Birmingham, for appellant.

The verdict was an acquittal as to the first and second counts, and there was no evidence to sustain the third count. Defendant raised this question by a request for affirmative instructions as to this count. 76 South. 476. Charge 4 should have been given. Authorities supra.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No evidence was offered on the motion for new trial, and it will not be considered. 16 Ala. App. 465, 78 South. 648; 16 Ala. App. 545, 79 South. 804. The evidence authorized a conviction. 14 South. 868, 100 Ala. 94.

BRICKEN, P. J.   The indictment contained three counts. The first charged burglary of a dwelling house; the second charged larceny of certain articles from the dwelling house; the third charged that the defendant did buy, receive, conceal, or aid in concealing one pistol, one flashlight, and one box of cartridges, knowing that these articles were stolen from a dwelling house, and not having the intent to restore them to the owner.

[1, 2] The demurrers to count 1 of the indictment were properly overruled, as an indictment for burglary in a dwelling house need not allege that goods, wares, or merchandise, or other valuable things were kept

⊜➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for use, etc.; such words applying only to the buildings or structures named in the second clause of section 6415 of the Code 1907. Potter v. State, 92 Ala. 37, 9 South. 402; Gilmore v. State, 99 Ala. 154, 13 South. 536; Matthews v. State, 15 Ala. App. 670, 74 South. 759. An averment of this character, if made, would be descriptive of the house, and, though unnecessary to be alleged, yet if it is alleged it would be necessary for the state to prove it. Lindsay v. State, 19 Ala. 560; Johnson v. State, 35 Ala. 363, and numerous later cases to the same effect.

[3] The defendant entered a plea of not guilty to the indictment as a whole; the trial was had upon these issues, and resulted in a verdict by the jury of "guilty as charged in the third count of the indictment," and sentence was entered thereon accordingly. This verdict and judgment operated as an acquittal of the defendant of the offense of burglary as charged in the first count, and of grand larceny as charged in the second count.

[4] As several rulings of the court complained of related only to the issues involved under the first and second count, and as the defendant was acquitted of the charges under these counts, there appears no necessity for this court to consider these questions.

[5] The court refused, among others, the following charge:

"(4) The court charges the jury that, if you believe the evidence in this case, you cannot convict the defendant under the third count of the indictment."

As there was no evidence whatever in the entire record to sustain the allegations of the third count, and no facts from which the guilt of the defendant in this regard could even be inferred, the charge should have been given, and its refusal was error. James v. State, 15 Ala. App. 569, 74 South. 395; Jeffries v. State, 7 Ala. App. 144, 62 South. 270; Thomas v. State, 109 Ala. 25, 19 South. 403; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; Aline Clisby v. State, ante, p. 475, 86 South. 140; Jordan v. State, 87 South. 433.

As to the charges contained in the first and second counts of the indictment, there was some evidence, though slight, which authorized the court in submitting the case to the jury on those counts, but, as before stated, there is not a scintilla of evidence to sustain the allegations of the third count, or any testimony offered from which the guilt of the defendant under this charge could even be inferred. There was no attempt to show that the defendant bought the stolen articles, or that at any time he received them or even had them in his possession, nor was there any evidence whatever to sustain the charge that he concealed, or aided in concealing, the articles named, knowing that they were stolen. This being true, the verdict of the jury was manifestly contrary to any of the evidence in the case, and was therefore not predicated upon the evidence or any part thereof. All these questions were fully presented on the motion for a new trial, and the court erred in overruling said motion. It is our opinion that the defendant, under all the evidence in this case, and under every inference possible to deduce therefrom, was entitled to his discharge under count 3 of the indictment.

For the errors pointed out, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.