(101 So. 357)

## DIGGS v. STATE. (4 Div. 912.)

(Court of Appeals of Alabama. Aug. 19, 1924.)

Burglary ⬳28(5)—In absence of evidence of keeping of things of value for sale, etc., in building broken and entered as alleged, conviction held improper.

Where an indictment in Code form charged burglary of a building in which things of value were kept for sale, etc., in absence of evidence that things of value were so kept in the building broken and entered, conviction was improper.

Appeal from Circuit Court, Barbour County.

John Diggs was convicted of burglary, and he appeals. Reversed and remanded.

McDowell & McDowell, of Eufaula, for appellant.

There was no evidence showing that things of value, etc., were kept for use, sale, or deposit in the storehouse, and defendant was due the affirmative charge as requested.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

If the thing kept in the house was of real pecuniary value, proof of this value supports the averment. Webb v. State, 52 Ala. 422.

SAMFORD, J. The indictment was in Code form and charged a burglary of a dwelling, or shop, store, warehouse, or other building of E. H. Baker, in which goods, merchandise, or clothing, things of value, were kept for sale, use, or deposit. The evidence for the state was that defendant broke and entered a storehouse of E. H. Baker, but there was no evidence that "things of value, were kept for sale, use, or deposit." The judgment in this case is reversed, on authority of Gilmore v. State, 99 Ala. 154, 13 South. 536; Porter v. State, 17 Ala. App.

550, 86 South. 143; Ashmon v. State, 9 Ala. App. 29, 63 South. 754.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.