(108 So. 643)

HARMON v. STATE.   (5 Div. 616.)

(Court of Appeals of Alabama.   May 11, 1926.)

1. Burglary ⬅️28(1)—Under indictment for burglary, state held required to prove that storehouse named was broken into, that it belonged to person named, and that it contained goods and merchandise of value as specified in indictment.

Under indictment charging that accused, with intent to steal, broke into and entered storehouse of another in which goods and merchandise of value were kept for use, sale, or deposit, state *held* required to prove that storehouse was broken into by accused, that it belonged to person named, and that in storehouse at time there were goods and merchandise of value.

2. Criminal law ⬅️753(2).

Upon failure of state to prove any essential ingredient of crime charged, court must direct verdict for accused if requested to do so in writing.

3. Burglary ⬅️41(7)—Proof that storehouse contained canned goods and "stuff" held insufficient to sustain averment in burglary indictment that it contained goods, merchandise, clothing, and things of value.

In prosecution for burglary of storehouse alleged to contain goods, merchandise, clothing, and things of value, proof merely showing that storehouse contained canned goods and "stuff" *held* insufficient to sustain averment, and therefore directed verdict for accused should have been granted; "stuff" as so used being meaningless.

[Ed. Note.—For other definitions, see Words and Phrases, Stuff.]

Appeal from Circuit Court, Chilton County; G. F. Smoot, Judge.

Samuel Harmon was convicted of burglary, and he appeals.  Reversed and remanded.

Atkinson & Pitts, of Clanton, for appellant.

In the absence of proof of the allegation that things of value were kept for use, sale, or deposit, defendant was due the affirmative charge. Diggs v. State, 20 Ala. App. 213, 101 So. 357; Porter v. State, 17 Ala. App. 550, 86 So. 143; Gilmore v. State, 99 Ala. 154, 13 So. 536.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The evidence sufficiently met the allegations of the indictment. Henderson v. State, 70 Ala. 23, 45 Am. Rep. 72; Norris v. State, 50 Ala. 126.

BRICKEN, P. J. The indictment charged this appellant with the offense of burglary. It charged that he, "with intent to steal, broke into and entered the storehouse of George Marcus, in which goods, merchandise, or clothing, things of value were kept for use, sale or deposit," etc.

[1, 2] Necessary to a conviction in this case, under this indictment, it was incumbent upon the state to adduce evidence of a sufficient nature to satisfy the jury beyond a reasonable doubt of the guilt of the defendant, this after a consideration of all the evidence. To that extent it was necessary to prove (1) that the storehouse in question had been broken into and entered by this defendant; (2) that said storehouse was that of George Marcus; and (3) that in said storehouse, at that time, there were goods, merchandise, or clothing, things of value which were kept for sale, use, or deposit. Failure to prove all, or any, of these essential ingredients, under the required rule, would entitle the accused to an acquittal, and, as a result of such failure of proof, the court would be under the duty to direct a verdict for defendant if requested so to do in writing. Such written request was made, and the refusal of the court to give that charge is the question upon which this appeal is rested.

[3] It is manifest that this case was tried in a cursory, indifferent, and careless manner. It is possibly true that the time and venue might be inferred from some of the evidence adduced upon this trial. It is also evident from the witnesses at hand or available these matters could have been more affirmatively shown if the effort to do so had been made. The evidence is also vague and uncertain as to whose store was burglarized; but by inference also probably it might be ascertained that it was the store of George Marcus, the alleged injured party named in the indictment. There was not, however, any effort or attempt upon the part of the state to prove the averment in the indictment No. 3, above stated. It does not appear that any inquiry along that line was made by the state. The court itself did pro-

pound, to state witness Emmett Thomas, the questions:

"Q. What sort of a store was this? Ans.: A meat market and grocery store.

"Q. Canned goods and stuff in there? Ans.: Yes, sir."

This was all the evidence on this subject. We regard the term "stuff" here used as being meaningless. This leaves the evidence on this subject limited or confined to "canned goods in there," and this is insufficient to sustain the averment, viz.: "In which goods, merchandise, or clothing, things of value were kept for use, sale, or deposit." We are without authority to supply this patent omission in the evidence by assuming that "canned goods in there" is equivalent to the necessary proof that in said store there were goods, merchandise, or clothing, things of value, and that they were there kept either for use, or for sale, or on deposit. As stated in Gilmore v. State, 99 Ala. 154, 13 So. 536, "There could be no conviction without such proof." Diggs v. State, 20 Ala. App. 213, 101 So. 357; Porter v. State, 17 Ala. App. 551, 86 So. 143.

There was error in refusing the written charge requested.

Reversed and remanded.