BOWEN, Judge.
The defendant was indicted and convicted for second degree burglary. Sentence was five years’ imprisonment. The defendant is represented by retained counsel both at trial and on appeal.
I
The defendant argues that his motion to dismiss the indictment should have been granted because the indictment is unclear as to whether it includes one or two counts.
Omitting its formal parts, the indictment charges that the defendant:
“Did, with intent to steal, break into and enter an uninhabited dwelling house, to-wit, a large wooden frame house, located in the New Hope, Alabama, community, in the possession of Donald R. Burkette, which is specially constructed or made to keep goods, wares or merchandise, two (2) ‘Remington’ brand 12-guage Model 1100 shotguns, one bearing Serial Number M-875971V, and the other bearing Serial Number 44497V, and one having a 26-inch improved cylinder barrel and the other having a 28-inch barrel, better descriptions of which are unknown to the Grand Jury, in which goods, wares or merchandise, two (2) ‘Remington’ brand 12-guage Model 1100 shotguns, one bearing Serial Number M-875971V, and the other bearing Serial Number 44497V, and one having a 26-inch improved cylinder barrel and the other having a 28-inch barrel, better descriptions of which are unknown to the Grand Jury, were kept for use, sale or deposit.”
Burglary in the second degree is defined by Alabama Code Section 13-2-41 (1975). The form of an indictment for this offense is found in Alabama Code Section 15-8-150(28).
“A. B. did, in the daytime, with intent to steal (or to commit arson in first degree, or other designated felony, as the case may be, or in the alternative), break into *181 and enter an inhabited dwelling house (or other house or building within the statute, describing it, and giving the name of the owner or person in possession), which was occupied by C. D., a person lodged therein or A. B. did with intent to steal (or to commit arson in the first degree, or other designated felony, as the case may be, or in the alternative), break into and enter an uninhabited dwelling house, or a building, structure or other enclosure (describing it and giving the name of the owner or person in possession) within the curtilage of a dwelling house, though not forming any part thereof, or a shop, store, warehouse (or other building, structure, or enclosure within the statute, describing it, giving the name of the owner or person in possession) which is specially constructed or made to keep goods, wares, merchandise or other valuable thing (describing the article) in which goods, wares, merchandise or other valuable thing (describing it) was kept for use, sale or deposit (as the case may be or in the alternative), against, etc.”
By omitting portions of this form, it becomes readily apparent that the indictment was a cumbersome attempt to follow the language of the form.
This indictment represents the familiar principle of unnecessary particularity of averment. While the indictment tends to be confusing for this very reason, it is clear that the subject of the burglary was an “uninhabited dwelling house, to-wit, a large wooden frame house, located in the New Hope, Alabama, community, in the possession of Donald R. Burkette” in which two shotguns of a given description were kept.
In Porter v. State, 17 Ala.App. 550, 86 So. 143 (1920), we find the following:
“The demurrers to count 1 of the indictment [charging burglary of a dwelling house] were properly overruled, as an indictment for burglary in a dwelling house need not allege that goods, wares, or merchandise, or other valuable things were kept for use, etc.; such words applying only to the buildings or structures named in the second clause of section 6415 of the Code of 1907 [now Alabama Code § 13-2-41 (1975)]. Potter v. State, 92 Ala. 37, 9 So. 402; Gilmore v. State, 99 Ala. 154, 13 So. 536; Matthews v. State, 15 Ala.App. 670, 74 So. 759. An averment of this character, if made, would be descriptive of the house, and, though unnecessary to be alleged, yet if it is alleged it would be necessary for the state to prove it. Lindsay v. State, 19 Ala. 560; Johnson v. State, 35 Ala. 363, and numerous later cases .to the same effect.”
To the same effect see Diggs v. State, 20 Ala.App. 213, 101 So. 357 (1924).
In Evans v. State, 34 Ala.App. 534, 41 So.2d 615 (1949), count two of the indictment described the burglarized building as “an uninhabited dwelling house owned by Willie Pope and in possession of said Willie Pope, where goods, wares, merchandise were kept for use, sale or deposit.” The court found this description of the house sufficient to withstand the test of a demurrer and gave explanation:
“An indictment for burglary of a dwelling house need not allege that goods, wares, merchandise, or other valuable things were kept therein for use, etc., such words or phrases applying only to the buildings, structures, etc. named in the second clause of Section 86, supra. Porter v. State, 17 Ala.App. 550, 86 So. 143.
“The reason for such rule is obvious. The very term dwelling house denotes that it was occupied, and used by some person as a home, though it may be inferred from the adjective ‘uninhabited’ that the person living therein was temporarily absent at the time of the burglary. It follows naturally that a dwelling house must normally contain goods, etc. to facilitate its use as such. On the other hand, a building, structure, etc., unless shown by an averment to that effect may reasonably be presumed to be empty, thereby affording no reasonable or satisfactory basis on which to found any larcenous or other felonious intent by reason of entry there-into.” Evans, 34 Ala.App. at 536, 41 So.2d 615.
*182 On this authority, we find that the indictment was sufficient and that the trial court did not err in overruling the defendant’s motion to dismiss.
II
The trial court properly denied the defendant’s request for a mistrial based on juror misconduct. The evidence reveals that a juror had a conversation with an individual who was the wife of one State witness and the mother of another. Both the individual and the juror were extensively questioned as to the substance of the conversation. Each testified that there was no mention of anything concerning the case. The record supports the ruling of the trial judge denying the mistrial. While the conversation was an unauthorized communication, there is no valid claim that it might have unlawfully influenced the juror or other members of the jury. Bascom v. State, 844 So.2d 218, 222 (Ala.Cr.App.1977).
We have searched the record for error prejudicial to the defendant and found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.