## MICKLE *vs.* THE STATE.

[INDICTMENT FOR LARCENY FROM A DWELLING-HOUSE.]

1. *Circumstantial evidence in criminal cases.*—To warrant a conviction in a criminal case, where the circumstances are inconclusive in their character—*i. e.* such that, admitting all they tend to prove, the guilt of the accused is still left wholly uncertain, or dependent upon some definite probability—they must be so multiplied as to increase the probability to an indefinite extent beyond the reach of mere calculation; but this principle does not apply to circumstances of a conclusive character, and therefore, before the appellate

court can determine that the primary court erred in refusing a charge which asserted the principle generally, the record must show that the evidence was confined to facts entirely inconclusive in their tendency.

2. The true test is, not whether the circumstances proved produce as full conviction as the positive testimony of a single credible witness, but whether they produce moral conviction to the exclusion of every reasonable doubt.

FROM the Circuit Court of Butler.

Tried before the Hon. C. W. RAPIER.

THE appellant (George Mickle) was indicted in the Circuit Court of Conecuh, at its Spring term, 1855, for larceny from a dwelling-house; and on his application the venue was changed to Butler county. The bill of exceptions states, that the "proof relied on by the State for a conviction, and all the proof in the cause tending to show the defendant's guilt, was purely circumstantial; and upon this state of proof, the defendant's counsel, among other charges, asked the following":—

"1. That it is necessary, in every criminal case, that the evidence should be of such a conclusive nature and tendency, as to exclude every single reasonable doubt of the prisoner's guilt from the minds of the jury, or they cannot convict him."

"4. That before the jury can convict the defendant, they must be satisfied that the circumstances are of such a tendency, and of so conclusive a character, as to make the probabilities of the defendant's guilt exceed all limits of an arithmetical or moral nature."

"6. That in no case ought the jury to convict the defendant upon circumstantial evidence, unless their minds are as fully convinced of his guilt, as they would be if the fact of his stealing the money had been sworn to before them by at least one credible witness."

The court gave the first charge, but refused the others; and these refusals, which were excepted to, are now assigned for error.

WATTS, JUDGE & JACKSON, for the appellant.

M. A. BALDWIN, Attorney General, contra.

GOLDTHWAITE, J.—When the circumstances are such that, admitting all they tend to prove, the guilt of the accused

is left wholly uncertain, or dependent upon some definite probability only, they are said to be inconclusive; and although it is admitted by Mr. Starkie that mere coincidences may be so numerous as, by the force of multiplied probability, to exclude all reasonable doubt, he says that "this can never happen in the absence of circumstances of a conclusive tendency, unless the probability be increased to an indefinite extent beyond the reach of mere calculation."—1 Stark. Ev. (4 Amer. edit.) 508. Cases of this character stand upon the doctrine of chances, and can seldom (if ever) occur in practice; and as the record does not show that the evidence was confined to facts entirely inconclusive in their tendency, we cannot say that the court erred in refusing to give a charge which was applicable alone to circumstances of that character.

We think, also, that the second charge was properly refused. It is impossible to define what amount of evidence will amount to proof, as it necessarily depends upon the effect it produces upon the mind. The true test, in criminal cases, is, whether the circumstances proved produce moral conviction to the exclusion of every reasonable doubt; and if this result is caused by the evidence, it can make no difference, whether the testimony which leads to it is positive or circumstantial. We think that the former is more satisfactory to a majority of men than the latter, and there are many upon whose minds positive evidence of the lowest degree would produce a fuller conviction, than any circumstantial testimony which was not absolutely demonstrative; but because the same amount of conviction may not be produced, it does not necessarily follow, that the mind of the juror may not be so thoroughly convinced that he would act upon the conviction in matters of the highest concern and importance to himself. It is not easy for any one to compare the relative force of the two kinds of evidence, and say whether the testimony of one witness, swearing positively to the commission of the crime, would not be more conclusive than the facts proved from which guilt was simply to be inferred. Mr. Starkie, it is true, has intimated that the force of circumstantial testimony adequate to conviction should not be inferior to the positive evidence of a single credible witness (1 Stark. Ev. 514); but we have found no adjudged case which supports him, and if this is the law, the

consequence would be, that in a large class of cases, the jury would be driven into mere speculation as to the effect which evidence different from that before them would produce upon their minds. The jury here were told by the judge, that they must not convict, unless the evidence was so conclusive in its character as to exclude from their minds every reasonable doubt as to the guilt of the prisoner; and we think he laid down the true test. If the charge requested had been given in connection with this, the proposition would have been asserted, that although the evidence excluded every reasonable doubt as to guilt, yet if it was not as conclusive as the testimony of a single credible witness, it was not enough; and in that shape it could hardly be supported.

Judgment affirmed.