# Faulk *et al. v.* The State.

### Indictment for Arson.

1. *Error of trying plea of not guilty and autrefois acquit together ; when cured.* — If the defendant pleads not guilty and former acquittal at the same time, and, without objection, proceeds to trial on both, in a misdemeanor case, he waives the irregularity, and cannot complain if the jury pronounces on both pleas together. A failure to make the objection in a case of felony is not a waiver, and advantage may be taken of the irregularity by motion in arrest of judgment or on error.

2. *Same.* —Where the defendants pleaded not guilty and former acquittal, and the court in response to an inquiry whether it would try the plea of former acquittal first, informed them that " they might determine the matter for themselves, but it might not be best for them ; " whereupon they consented to try both issues together, but objected, after the evidence was closed, to the trial of both issues at once, the consent will be regarded as induced by the intimation of court, and will not amount to a waiver. This irregularity was cured, however, when no legal evidence is offered to support the plea of former acquittal.

[Faulk v. State.]

3. *Plea of former acquittal; what necessary to support.* — To support the plea of former acquittal it is not sufficient to put in evidence the record relied on, although it embraces the indictment on which judgment is pronounced. There must also be proof of the identity of the parties and the offence. A record showing a judgment quashing an indictment on demurrer is wholly worthless in support of a plea of former acquittal.

4. *Conviction on circumstantial evidence, rule as to.* — The case of *Faulk et al.* v. *The State* (in MS.) explained, and the doctrine, laid down in *Mickle* v. *The State* (27 Ala. 22) again declared, — that the true test for determining the propriety of a conviction on circumstantial evidence is not whether the circumstances proved produce as full conviction of guilt as the positive testimony of a single credible witness, but whether they produce moral conviction to the exclusion of every reasonable doubt.

5. *Practice; what improper.* — However erroneous the circuit court may deem an opinion of the supreme court, it is neither proper nor just to the parties to diminish its influence with the jury by declaring that it is not law, yet they must be governed by it.

APPEAL from Circuit Court of Crenshaw.

Tried before Hon. JOHN K. HENRY.

The appellants were indicted and convicted for arson, and sentenced to two years' imprisonment in the penitentiary. The evidence connecting them with the commission of the offence was purely circumstantial. The opinion states all the facts necessary to a proper understanding of the case.

Neither the record nor docket gives the name of appellants' counsel.

JOHN W. A. SANFORD, Attorney General, *contra*.

BRICKELL, C. J. — A plea of former acquittal and of not guilty should not be interposed at the same time. The plea of former acquittal should contain a protestation of innocence, and should precede a plea of not guilty. This last plea is not necessary, if the first prevails. 1 Bish. Cr. Pr. §§ 577, 578. If the two pleas are tendered together, they should not be submitted to the jury at once, but the court should order the special plea passed upon first. Ib. If the plea is determined against the defendant, he is allowed to plead over, and to have his trial for the offence itself. 1 Whart. Am. Cr. Law, § 578. On an indictment for a misdemeanor, if the defendant interposes the plea of *autrefois acquit* or *autrefois convict*, and the plea of not guilty, at the same time, and without objection proceeds to trial on both, he waives the irregularity, and if the jury pronounce on both pleas, he cannot take advantage of it. *Dominick* v. *State*, 40 Ala. 680. In a case of felony the rule is different; the failure to make objection to the trial of both issues at the same time is not a waiver of the irregularity, and advantage of it may be taken, in arrest of judgment, or on error. *Foster* v. *State*, 39 Ala. 229.

[Faulk v. State.]

The appellants were charged with felony, and by consent of the State pleaded at the same time, by the mere titles of the pleas, " former acquittal," and " not guilty." They inquired whether the court would not try the issue of *former acquittal* first. The court declined to express an opinion, but said the defendants could do as they wished, about trying both issues together. It was for them to determine; it might not be best for them, but the court, if they wished, would first try the plea of former acquittal. The defendants then agreed that both issues should be submitted to the jury, and the trial proceeded. After the evidence on both issues had been closed, the defendants objected to the trial of them at the same time. The court inquired if the defendants objected to the jury, which had been empanelled, and had heard the evidence, trying first the plea of former acquittal, and then the plea of not guilty. The defendants objected, and the court directed the trial on both pleas to proceed, to which defendants excepted.

The court should of its own motion have directed a trial first of the plea of former acquittal, without an application from the defendants, or inquiring from them as to whether that course should be pursued. Nor do we see the propriety of the intimation that it would or might be best for the defendants that both issues should be tried at once. The action of the defendants should not have been influenced by such an intimation, and it is difficult to conceive the injury which would result to them from a separate trial of the issues. Though the defendants consented to the trial of both issues, the consent was given under the pressure of the intimation that this course was best for them, and it should not be regarded as a waiver by them of the irregularity. This error would operate a reversal of the judgment, but the evidence offered in support of the plea is wholly matter of record, consisting of a judgment of conviction (but for what offence does not appear) at the Spring term, 1874, of the circuit court of Pike county, and a judgment sustaining a demurrer to an indictment against the defendants, at the Fall term of said court. Neither indictment was offered in evidence, nor any evidence offered that they were for the same offence charged in the present indictment. To support a plea of former acquittal or former conviction, it is not sufficient simply to put in the record, even when it embraces the indictment on which judgment is pronounced. Evidence must be given that the offences charged in the present and former indictment are the same. 1 Bish. Cr. Pr. § 581. The record of the judgment of conviction did not tend to support the plea of former acquittal; and the record of the judgment on the demurrer to the indictment, and quashing it, was not in any sense a judgment of acquittal, barring an-

other prosecution.   R. C. § 4146.   There was no pretence for the plea, and the errror of submitting it to a trial with the plea of not guilty was not injurious to the appellants.   If the plea of former acquittal had been drawn in full, instead of being pleaded by its title, and had stated the judgment on the demurrer as the judgment of acquittal relied on, it would have been a mere nullity, which could have been stricken out on motion.

It seems from the charge of the court that this cause was assumed to have been before this court, and an opinion then delivered, which the court read to the jury, and said: "I give you this in charge as the law in this case, by which you are to be governed in considering the facts in this case submitted to you.   Although I do not believe it to be a true exposition of the law on this subject, yet you are to be controlled by it in the case now before you."   To this charge an exception was re- served.   There is no evidence in the record that the case was ever before this court.   Indeed it is apparent this case never could have been here, for the indictment was found at the last March term of the circuit court, and the judgment of convic- tion then had, from which this appeal is prosecuted.   Some other case between the parties may have been here, and we may conjecture, from the similarity of names and of offence, it was the case of *Hannah Faulk et als.* v. *State of Alabama*, at the June term, 1874, in which it was held, that in a criminal case, a charge in these words should have been given, where the evidence is wholly circumstantial: "To convict the defendants the evidence should be as strong as the positive testimony of one credible witness who proves beyond all reasonable doubt the guilt of the defendant."   The court interpreted the charge as asserting only the familiar legal proposition, that the evi- dence should satisfy the minds of the jury beyond all reason- able doubt of the guilt of the defendants.   We are satisfied the court was mistaken as to the true interpretation of the charge.   It was intended to assert, and does assert the prop- osition, repudiated by this court in *Mickle* v. *State*, 27 Ala. 23. The proposition has no authority on which to rest, except an intimation of Mr. Starkie, to which the court referred, that a test of the sufficiency of circumstantial evidence is, whether the circumstances proved produce as full· conviction as the testimony of a single credible witness.   No such test exists; the only test is, does the evidence, whether positive or circum- stantial, exclude from the minds of the jury every reasonable doubt of guilt.   It is manifest, if the court had interpreted the charge, as we are constrained to interpret it, as authorizing a comparison of positive and circumstantial evidence, and the formation of a conclusion because the circumstantial was, or

[Ex parte Winston.]

was not, supposed to be the equivalent of the positive evidence of one or more witnesses, it would not have been sanctioned. We may be permitted to suggest that however erroneous the circuit court may deem an opinion of this court, it is not proper, nor just to the parties, to diminish its influence with the jury by declaring it is not law, yet that they must be governed by it. The court should either charge directly in conformity to it, so that the party entitled can have the full benefit of it; or distinctly announce its own view of the law, so that he may have the full benefit of an exception. The charge of the court could not, however, have worked any injury to the defendants. It was more favorable to them than they had a right to demand.

The several charges requested by the appellants, in reference to a former judgment of conviction, were abstract. They were without evidence to support, or having a tendency to support them, and were properly refused. 1 Brick. Dig. 338, § 41.

The charge given at the instance of the solicitor asserted a correct proposition, which is fully supported by the case of *Mickle* v. *State, supra*. If the evidence removed from the minds of the jury all reasonable doubt of the guilt of the defendants, it was their duty to convict, although they would have been more fully convinced by the positive evidence of a credible witness who saw them commit the act.

There is no error in the record prejudicial to the appellants, and the judgment must be affirmed.