# Banks and Wood *v.* The State.

*Indictment for Murder.*

1. *Presence of defendant in court when verdict is received.*—The recitals of the judgment in this case, representing the trial and all its incidents as one continuous, unbroken proceeding, and stating that the defendants were present in court when the trial was begun, show with sufficient certainty that they were also present when the verdict of the jury was returned and received.

2. *Asking defendant to show cause, if any, against judgment on verdict.* When the record recites that, before sentence was pronounced on the defendants, each of them was asked what he had to say why the sentence of the law should not be pronounced on him, it will be presumed that the inquiry was made by the court, or in its presence, and by its authority, in proper form.

3. *Relevancy of evidence connecting third person with killing.*—In a prosecution for murder, the evidence against the accused being altogether circumstantial, he may adduce evidence tending to show that the crime was in fact committed by another person; but such evidence, to be admissible, "must relate to, and be derived from the facts and circumstances of the killing;" and it is not permissible to prove, for this purpose, the hostile relations existing between the deceased and a third person, who is not shown to have had any agency in the homicide, or to have been near the place where it was committed at the time of its commission.

4. *Sufficiency of circumstantial evidence.*—The test of the sufficiency of circumstantial evidence, in a criminal case, is not whether it produces as full conviction as would be produced by the positive testimony of a

single credible witness, but whether it satisfies the minds of the jury to the exclusion of every reasonable doubt.

FROM the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

The indictment in this case charged the defendants, Taylor Banks and Frances Wood, persons of African descent, with the murder of Turner Wood, "by shooting him with a shot-gun." The defendants were separately arraigned, and each pleaded not guilty; and issue being joined on that plea, and a joint trial had, each of them was convicted of murder in the first degree; Taylor Banks being sentenced to death by hanging, and Frances Wood to imprisonment in the penitentiary for life.

The judgment of the court, as set out in the transcript, was in these words: "Comes H. C. Jones, solicitor," &c., "who prosecutes for the State, and the defendants in their own proper persons, and by attorney; and the defendants having been arraigned at a former term of this court, by having the indictment read to them, and each of them having pleaded not guilty thereto; and it appearing to the satisfaction of the court, by the return of the sheriff of said county, that, pursuant to a former order of this court at this term, a copy of the indictment against the said Taylor Banks, together with a list of the jurors summoned for his trial, had been delivered by said sheriff to said Taylor Banks in person, at least one entire day before the 6th day of June, 1873, being the day set for his trial; and it further appearing to the satisfaction of the court, by the return of said sheriff, that, pursuant to a former order of this court at this present term, a copy of the indictment against said Frances Wood, together with a list of the jurors summoned for her trial, had been delivered to Paul Jones, one of her counsel of record in this case, for her, at least one entire day before the 6th day of June, 1883, the same being the day set for her trial; and now the said Taylor Banks and Frances Wood being in open court, the following jurors were drawn and charged, as required by law, to-wit," &c.; "and the said jurors being sworn according to law, thereupon the indictment was read to the jury, and the defendants again pleading not guilty thereto, and issue being joined on said plea; and after hearing the evidence and argument of counsel, and being charged by the court," [the said jury] "upon their oaths, the defendants being in open court, returned the following verdict: 'We, the jury, find the defendants guilty of murder in the first degree, and sentence Taylor Banks to be hung, and Frances Wood to the penitentiary for life.' And now the said Taylor Banks being asked, in open court, if he he had anything to say

[Banks & Wood v. The State.]

why the sentence of the law should not be pronounced against him, and after hearing what he had to say, it is therefore ordered and adjudged, that the sentence of the law be carried into effect, by hanging the said defendant, Taylor Banks, by the neck until he is dead, on Friday, the 27th day of July, 1883; and the sheriff of said county is charged with the execution of this order and sentence, in the mode prescribed by the statute. And questions of law having been reserved by said defendant, on the trial of this cause, for the consideration of the Supreme Court, it is ordered by the court, that the execution of this judgment be suspended until this case is determined by the Supreme Court." And the judgment then contained the same recitals, *mutatis mutandis*, in the case of Frances Wood.

The evidence against the defendants was entirely circumstantial, and the bill of exceptions purports to set out "all the evidence necessary to make the defendants' exceptions intelligible;" but it is not necessary to set it out at length, and a condensed statement of it, if practicable, would subserve no useful purpose. The deceased, Turner Wood, was living with the said Frances Wood, one of the defendants, as his wife, when he was killed; and he was shot through the window of his house, or kitchen, soon after dark, on the night of March —, 1882. The State introduced evidence showing that the deceased and said Frances Wood had frequent quarrels, and that she had made recent threats against him, threatening to kill or to cut him if he beat her again, and saying "that she had a friend who would stand by her; that she had paid him thirty dollars, and would pay him forty more, '*and in less than two weeks you will hear from it.*'" The State introduced evidence, also, tending to show that Taylor Banks, who lived in the immediate neighborhood of the deceased, was the *friend* to whom said Frances referred, and to whom she had given the money; but this evidence was indefinite, and entirely inferential. The State introduced, also, evidence of tracks leading from the house of the deceased, on the night of the killing, to the house of said Taylor Banks; and no question was reserved as to the admissibility of any part of this evidence.

"The State introduced Moses Scott as a witness, who stated that, on the morning after the deceased was killed, he went with Ira Cobb and Joshua Kirby, and saw tracks leading from the place where the shooting was done, in a north-west direction, but saw no tracks leading in the direction of said Taylor Banks' house; that he heard said Banks say, after he was arrested, *that all he wanted was a fair trial—that he had twenty dollars to pay a lawyer, and could get forty more.* Defendant asked said witness, *if he was not the friend of Celia Wood.* Objected to by the State, and objection sustained. Defendant

asked said witness, *if Celia Wood did not claim to be the wife of said Turner Wood, the deceased;* to which the State objected, and the objection was sustained, and defendants excepted.   Defendants asked said witness, *if Celia Wood had not sued said Frances Wood for the property of Turner Wood which she had;* to which the State objected, and the court sustained the objection; to which the defendants excepted.   Defendants asked said witness, *if he did not advise said Celia Wood to bring suit against said Frances Wood;* to which the State objected, the objection was sustained, and the defendants excepted."

The defendants requested the court, in writing, to charge the jury as follows: 1. "Before the jury can convict the defendants, they must be as well satisfied from the combination of circumstances that the defendants did the killing, as though an eye-witness had testified before them that the defendants did the killing." 2. "Before the jury can find either one of the defendants guilty, they must be as well satisfied from the combination of circumstances detailed that the defendants did the killing, or aided and abetted in the commission of the homicide, as though an eye-witness had testified before them that the defendants did the killing, or aided and abetted therein." The court refused each of these charges, and the defendants duly excepted to their refusal.

R. C. Hunt, Paul L. Jones, and Norwood & Norwood, for the appellants.—(1.) The judgment-entry fails to show that the verdict was rendered in open court, in the presence of the prisoners; nor does it show that the prisoners were present in court when sentence was pronounced upon them.—*State v. Hughes*, 2 Ala. 102; *Crist v. State*, 21 Ala. 137; *Eliza v. State*, 39 Ala. 696; *Peters v. State*, 39 Ala. 681; *Graham v. State*, 40 Ala. 670; *Stubbs v. State*, 49 Miss. 716; *People v. Perkins*, 1 Wendell, 91; *Mills v. State*, 19 Ark. 476; *Willett v. Porter*, 42 Ind. 250; 1 Bish. Crim. Proc. § 1001; 3 Whart. Crim. Law, § 3197.   (2.) The evidence adduced against the defendants being entirely circumstantial, and some of it tending to show a motive on their part to commit the crime, they ought to have been permitted to adduce evidence tending to show that some other person had a motive to commit it.—Burrill's Cir. Ev., pp. 152–5, 184; *Ogletree v. The State*, 28 Ala. 693; *Hudson v. The State*, 61 Ala. 338.

H. C. Tompkins, Attorney-General for the State, contended that the judgment was in proper form, and, as to the admissibility of the evidence and the charges refused, cited *Levison v. The State*, 54 Ala. 520; 9 Ala. 990; 4 Dev. 328; *Faulk v. State*, 52 Ala. 415; *Mickle v. State*, 27 Ala. 20.

BRICKELL, C. J.—The appellants, in due form of law, by a grand jury legally drawn, selected, summoned and organized, as is shown by the record, were indicted for the murder of Turner Wood; and upon trial before a petit jury, legally constituted and organized, they have been found guilty; and by the sentence of the court, pursuing the verdict of the jury, the one has been sentenced to death, and the other to imprisonment in the penitentiary for life. The first objection taken to the regularity of the proceedings is, that it is not shown affirmatively that the defendants were present in court when the ver-. dict of the jury was returned. The objection is not sustained by the recitals of the record, which affirm their presence at the time the trial was entered upon, and represent as a continuous, unbroken proceeding, the trial and all its incidents, until the sentence of the law was pronounced by the court. The next objection is, that before pronouncing sentence it is not shown by whom the accused were asked what they, or either of them, had to say, why the sentence of the law should not be pronounced upon them. The record does show that, in open court, after each defendant had been inquired of, what he or she could say, and after hearing what each had to say, the court proceeded to pronounce the sentence. It would not be reasonable to suppose the inquiry was not made by the court, or by its authority, or that there was an indecorous, illegal obtrusion upon the regularity and order of the court, by some unauthorized and contemptuous agency, which the court recognized.

The evidence proposed to be introduced, and which was rejected as inadmissible, could have shown no more than that a third person, a stranger, not suspected or charged with violence to the deceased, not shown to have been in proximity to him when he was slain, was in hostile relations to him, and, if that hostility had resolved itself into murderous malice, may have resorted to murder for vengeance. The evidence was properly rejected. The accused could have shown that the deceased was slain by some one else than either of them, but the evidence of the guilt of another must relate to and be derived from the facts and circumstances of the killing.—*Levison v. State*, 54 Ala. 520.

The charges requested and refused state a proposition which has been repudiated directly, in at least two of the decisions of this court.—*Mickle v. State*, 27 Ala. 20; *Faulk v. State*, 52 Ala. 415. The test of the sufficiency of circumstantial evidence, tracing guilt to the accused, is not whether it produces as full conviction upon the mind of the jury, as would be produced by the positive testimony of a single credible witness; but the test is, does it satisfy the mind of the jury, excluding reasonable doubts.

[St. Clair v. Caldwell & Riddle.]

We do not find in the record any error, and we are constrained to affirm the judgment of the Circuit Court.