# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

NOVEMBER TERM 1910-1911

## Cardwell *v.* The State.

### *Murder.*

(Decided June 30, 1911. 56 South. 12.)

1. *Trial; Verdict; Presence of Defendant.*—Where the record affirmatively recites the personal presence of the defendant, when the trial was entered upon and describes the trial as a continuous, uninterrupted proceeding, until the judgment of the court was pronounced upon the return of the verdict by the jury, it is sufficiently shown that the defendant was present in person when the verdict was rendered.

2. *Same; Custody of Jury; Objection; Time; Waiver.*—Where a juror was reported sick pending the trial and the court sent the jury to their room and permitted a physician who was present as a witness for the prosecution to go to the jury room to see the sick juror, and it appeared that the physician gave him medicine, but did not speak to him about any matter except his sickness, and did not speak to any other juror, and after the juror recovered, the case proceeded and the sick juror participated in the trial and joined in the verdict, the defendant's failure to object at the time to the proceeding and his failing to object until after verdict was rendered, was a waiver of any objection that there might have been to the court's action.

3. *Homicide; Instructions.*—A charge asserting that the existence of a reasonable doubt whether the defendant or another assailant struck the fatal blow, would entitle the defendant to an acquittal, was properly refused where, upon the evidence, the defendant might have been guilty of an offense charged in the indictment, although the, death resulted from a blow inflicted by another.

4. *Charge of Court; Asserting no Proposition of Law.*—Charges which assert no proposition of law applicable to the case on trial are properly refused as abstract.

5. *Same; Singling Out Evidence.*—Charges which single out a particular phase of the evidence, for the consideration of the jury should not be given.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Roy Cardwell was convicted of homicide and he appeals.    Affirmed.

RIDDLE, ELLIS, RIDDLE & PRUETT, for appellant.    It is not sufficiently shown that defendant was present when the verdict was returned.—*Wells v. The State*, 147 Ala. 140.    The court erred in permitting a witness for the prosecution to attend the sick juror and converse with him pending the progress of the trial.—*Nedd v. The State*, 7 Port. 187; *Cook v. The State*, 60 Ala. 39; *Hains v. The State*, 107 Ala. 1; *Wells v. The State, supra.*

ROBERT C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—The objection is made that the record fails to show that the defendant was present in court when the verdict of the jury was returned.    The objection could not be sustained without disregarding the plain import of the recitals of the minute entry, which affirms the personal presence of the defendant when the trial was entered upon, and describes the trial as a continuous, uninterrupted proceeding until the judgment of the court was pronounced after the return of the verdict by the jury.    The record sufficiently shows that the defendant was present in person when the verdict was returned into court.—*Banks & Wood. v. State*, 72 Ala. 522; *Dix. v. State*, 147 Ala. 70, 41 South. 924.

During the progress of the trial, while the evidence was being submitted to the jury, it was reported to the court that a member of the jury was sick or ill.    Thereupon the court directed the jury to repair to the jury room, adjoining the courtroom, and a physician who was present as a witness for the prosecution was permitted to go into the jury room to see the sick juror.    The physician gave the sick juror some medicine, he did not talk to him about anything except his sickness,

[Cardwell v. The State.]

and no conversation took place between him and any
other juror.   The bill of exceptions recites:   "After
this the juryman got better, and the case proceeded, and
he remained on the jury and was one of the 12 jurymen
who rendered the verdict of guilty in this cause."   Aft-
er the verdict had been rendered and the court had sen-
tenced the defendant in pursuance thereof, the incident
just mentioned was made the basis of motions by the
defendant for his discharge from custody, that the ver-
dict be quashed, that a new trial be granted, and for a
judgment of not guilty non obstante veredicto.   It is
not intimated that before his conviction the defendant
made any objection to anything that was done in con-
nection with the incident above mentioned.   Conceding
that the action of the court in overruling all or any of
the above-mentioned motions of the defendant is pre-
sented for review on this appeal, and that the facts de-
tailed afforded ground for an inference that defendant
might have been prejudiced in some way by what oc-
curred, yet the defendant, by failing to interpose any
objection at the time or in any way to call to the atten-
tion of the court an incident occurring with his knowl-
edge and, in part at least, in his presence, and thereafter
taking part in the trial just as if nothing affecting its
regularity had happened, waived any objection he might
have made on account of such incident; and he could
not afterwards, when the trial had resulted unfavora-
bly to him, urge that incident as a ground for impeach-
ing the regularity of the proceedings.   He could not,
speculating on what the verdict might be, silently sit
by, apparently acquiescing in what was done, and sub-
sequently make the occurrence the basis of an attack up-
on the integrity of the trial.—*Gurney v. Minneapolis &
St. Croix Ry. Co..* 41 Minn. 223, 43 N. W. 2; *Grove v.*

*City of Kansas,* 75 Mo. 672; *Tinkle v. Dunivant,* 16 Lea, 503; 29 Cyc. 813.

To relieve the trial court of the imputations of error founded upon its refusal to give several written charges requested by the defendant, it is sufficient to say, in reference to those charges, that charge 1 was properly refused because there was evidence tending to show the guilt of the defendant of an offense embraced in the indictment; that refused charges 5 and 19 were each incorrect in asserting that the existence of a reasonable doubt as to whether the defendant or Will Jones struck the fatal blow would entitle the defendant to an acquittal, as, on the evidence, the defendant might have been guilty of an offense embraced in the indictment, though the death of the deceased resulted from a blow inflicted by another assailant; and that refused charges 30 and 31 were improper invasions of the province of the jury, asserted no propositions of law bearing upon the case, and singled out a particular phrase of the evidence for the consideration of the jury.

No error is found in the record.

Affirmed.

PELHAM, J., not sitting.