# Rogers, Treasurer, *v.* White, Secretary.

### Assumpsit.

(Decided February 5, 1916.   Rehearing denied March 4, 1916.
70 South. 994.)

**Counties; Lending Credit; Constitutionality.**—Insofar as Local Acts
1915, p. 372, authorizes and requires the board of revenue of Jefferson coun-
ty to pay over $150 each month out of the general funds of the county to the
secretary of the Birmingham Bar Association, or some other person desig-
nated as therein provided, for the purposes therein specified, it is violative
of § 94, Constitution 1901, since the county acquired no interest in the
library, and no voice in its control.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Charles F. White as Secretary of the Birmingham
Bar Association, against Cleon B. Rogers, as Treasurer of Jef-
ferson County, to recover the amount designated by the Local
Act for the support of the Jefferson County Law Library.   Judg-
ment for plaintiff and defendant appeals.   Constitutional ques-
tions being involved the same was certified to the Supreme Court,
and upon the response thereto, the judgment of the trial court
was reversed and remanded.

W. K. TERRY, for appellant.   HENRY UPSON SIMS, L. J.
HALEY, JAMES A. MITCHELL, JELKS H. CABANISS, G. R. HARSH,
E. D. SMITH, and H. W. HOWZE, for appellee.

BROWN, J.—The sole question presented in this case is
whether or not the act of the Legislature, entitled "an act to re-
quire the board of revenue of Jefferson county to pay over each
month out of the general fund of said county to the secretary of
the Birmingham Bar Association or some [other] person to be
designated by the judges of the courts of record of Jefferson
county the sum of one hundred fifty dollars for the maintenance
of a public law library in the city of Birmingham and to provide
for the disposition of such money," approved September 10,
1915 (Local Acts 1915, pp. 372, 373), in so far as it authorizes
the payment of the sum named therein to the secretary of the
Birmingham Bar Association, is violative of section 94 of the

Constitution of 1901, providing that: "The Legislature shall not have power to authorize any county, city, town, or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation, * * * or to become a stockholder in any such corporation, association, or company, by issuing bonds or otherwise."

The opinion here prevails that said act, in the respect above indicated, is unconstitutional for the reasons following: The act clearly contemplates that the allowance granted by the act in aid of the Bar Association shall be paid over to the secretary of the association, to be used for the benefit of the Bar Association, without the responsibility of accounting to the public authorities therefor, and the county, in its corporate capacity, acquires no interest in the library, and has no voice in its control. The library remains the exclusive property of the Bar Association, and whatever property may be acquired with the funds donated to it out of the public treasury becomes its property. The only benefit offered as compensation for this aid is the use by the public of the law library of the corporation, which is of no use or value to the great body of the public burdened by this act with its support, further than it affords a very limited number constituting a certain class—the lawyers who are members of the association—the means of acquiring knowledge to better aid them in the prosecution of a business for private gain. In short, the act clearly grants this allowance to aid the Birmingham Bar Association in maintaining its library for the use and benefit of its own members, and falls clearly within the inhibition of the Constitution.—*Garland v. Board of Revenue of Montgomery County,* 87 Ala. 226, 6 South. 402; *Southern Ry. Co. v. Hartshorne,* 162 Ala. 491, 50 South. 139.

Therefore, in accordance with the provisions of section 1 of the act, entitled "an act to regulate appeals and the consideration of same by the Supreme Court and the Court of Appeals, and the terms of said Court of Appeals," approved April 18, 1911 (General Acts 1911, p. 449; *Cardwell v. State,* 1 Ala. App. 10, 56 South. 12), we hereby submit the question involving the constitutionality of said act to the Supreme Court for determination, and, for convenience, herewith transmit the record of the cause, duly certified and filed here, together with the briefs and argument thereon.

[Stovall v. Hamilton.]

### RESPONSE BY THE SUPREME COURT.

SAYRE, J.—In this case the Court of Appeals, being of opinion that the act, requiring the board of revenue of Jefferson county to pay over each month out of the general funds of said county to the secretary of the Birmingham Bar Association the sum of $150 for the maintenance of a public law library in the city of Birmingham, approved September 10, 1915 (Local Acts, 1915, p. 372), is unconstitutional and void, has certified the question to this court in accordance with the act of April 18, 1911 (General Acts 1911, p. 449). The Court of Appeals has also certified its opinion in the premises. The reasoning and conclusion of the court are approved. The act is unconstitutional.

Let this opinion be certified to the Court of Appeals. All the Justices concur, except THOMAS, J., not sitting.

As a result of these holdings, the judgment of the circuit court must be reversed and annulled, and the cause remanded to the trial court for further proceedings in accordance therewith.

Reversed and remanded.