(75 South. 819)

MILLER v. STATE. (8 Div. 409.)

(Court of Appeals of Alabama. June 5, 1917.)

1. CRIMINAL LAW ⬤⟹655(6) — TRIAL — RE-MARKS OF COURT.

Remarks of the court, in reading special charges to the jury, in the nature of an explanation of the charges, which did not qualify the written charges given at the request of defendant, were not erroneous.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1523, 1527.]

2. CRIMINAL LAW ⬤⟹829(1)—INSTRUCTION—REPETITION.

A charge substantially covered by a given charge was properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

3. CRIMINAL LAW ⬤⟹811(1), 814(1)—INSTRUCTIONS—INAPPLICABLE PROPOSITION OF LAW—SINGLING OUT PHASE OF EVIDENCE.

Charges stating no proposition of law bearing on the case, and singling out a single phase of the evidence for the jury's consideration, were properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1969, 1971, 1972, 1979, 1980, 1986.]

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Fayette Miller was convicted of the offense of using abusive language, and he appeals. Affirmed.

The court in its oral charge said:

There are two clauses under this indictment drawn under the statute; the first is for the protection of the home and the occupants thereof, and the second is for the protection of woman.

The court then made the following remarks to the jury:

I did not undertake to say to you that this defendant was guilty either under the first or second clause of this indictment. If a man goes sufficiently near to the dwelling house of another, and in the presence or or within the hearing of the family, makes use of abusive, insulting, or obscene language, then he would be guilty under the first clause of the indictment, and if he makes use of abusive, insulting, or obscene language in the presence or hearing of a woman, then he would be guilty under the second clause of the indictment, but the court does not undertake to say that this defendant is guilty under either the first or the second clause, since that is a question which you must decide from the evidence.

After reading the third charge given for defendant, the court said:

Gentlemen, it is necessary for all 12 of your number to agree on a verdict of guilty, or a verdict of not guilty.

After reading the fourth charge given for defendant, the court said:

You are authorized to either acquit or convict. If you are not authorized to acquit him, the court would have given you instructions to convict him.

The following charges were refused to defendant:

I charge you that you must believe beyond a reasonable doubt, and to a moral certainty, that Fayette Miller passed Mr. Lindley's in company with Millege Brewer and Frank Strawbridge, and no one else, before you can find Fayette Miller.

(C) If you are reasonably satisfied from all the evidence in the case that Fayette Miller passed Lindley's house in company with Griffith, Holland, Brewer, and Frank Holland, you may find defendant not guilty.

William Stell, of Russellville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] On this appeal, which is from a judgment of conviction in the circuit court of Franklin county for the offense of abusive language, it is insisted that the court erred in several instances in its rulings upon the evidence. A careful examination of these questions, however, convinces us that no error prejudicial to the substantial rights of the defendant appears. This being true, we do not deem it necessary to discuss each question separately and in detail, for it conclusively appears that the defendant was accorded a fair trial, and the case rested upon questions of fact which were properly submitted to the jury for its consideration. There is no merit in the exceptions reserved to the court's oral charge nor to the remarks of the court in reading the special charges to the jury; the remarks complained of were in the nature of an explanation of the charges, and were therefore without error; the court did not undertake to qualify the written charges given at the request of the defendant. Furthermore, the charge was without error. Williams v. State, 147 Ala. 10, 41 South. 992.

[2] Refused charge 1 was substantially covered by given charge H.

[3] Refused charges B and C state no proposition of law bearing on the case, and single out a particular phase of the evidence for the consideration of the jury. Such charges are bad, and therefore properly refused. Cardwell v. State, 1 Ala. App. 1, 56 South. 12.

Refused charge D is fully covered by given charge E.

We find no error in the record. The judgment of the lower court is affirmed.

Affirmed.