180 So. 116

### STUCKEY v. STATE.

6 Div. 2.

Court of Appeals of Alabama.

Jan. 18, 1938.

Rehearing Denied Feb. 8, 1938.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

K. C. Edwards, of Birmingham, for appellant.

BRICKEN, Presiding Judge.

The conviction of this appellant was had upon count 2 of the indictment. The verdict of the jury found him guilty as charged in the second count thereof. There were two other counts in the indictment. Count 1 charged the offense of burglary. Count 3 charged the offense of buying, receiving, or concealing stolen property, etc. The verdict of the jury operated as an acquittal of the defendant of the offenses charged in said counts 1, and 3, therefore only such questions as relate to the second count upon which he was convicted is to be considered upon this appeal. 6 Alabama Digest, Criminal Law, p. 910, ⊗878 (3).

The second count charged that the defendant feloniously took and carried away from a shop, storehouse, or warehouse $212.88, in money (describing it), and two pistols, of the aggregate value of $33.00, the personal property of Alabama By-Products Corporation, a corporation.

In order to sustain a conviction under said count 2, the State rested under the burden of establishing by the evidence, under the oft-announced rule as to the measure of proof: (1) The ownership of the property as alleged; (2) that the said property was taken from a "shop, storehouse or warehouse"; (3) its value; (4) that the accused did the taking, or aided and abetted in said felonious taking; and (5) the time and venue of the commission of the act complained of.

The question of the sufficiency of the evidence to sustain the conviction of the defendant of the offense of grand larceny is properly presented by the refusal of the court to give the affirmative charge requested by him in writing.

As has been stated, the indictment alleged that the property (money and two pistols), was stolen from a "shop," "store," or "warehouse," and that said property was "the personal property of Alabama By-Products Corp., a corporation."

The foregoing allegations were material averments in the indictment and essential ingredients of the offense; and, as hereinabove stated, it was incumbent upon the State to adduce proof to sustain each of these allegations.

After a careful and attentive reading and consideration of the evidence we are of the opinion that the State failed to offer evidence to sustain either of said averments. The only witness who was examined, as to these questions, was State witness P. N. Moon. He testified: "I am cashier for the Alabama By-Products Corporation at the mine at Praco, Alabama. My office is located just across the road from the commissary, * * * and it is in Jefferson County. Some time before I testified before the grand jury my place was broken into; * * *. On that occasion I lost approximately $212.00 in cash, and some checks and two pistols, one a 45 Colts, and the other a little 32 Spain, and there was a big gun that belonged to the company. The little Spanish gun was in my custody; my son had bought it and I took it away from him. I didn't know he had a gun and when I discovered it I took it away from him and locked it up in the safe. The gun was in the safe. The one you show me is the Spanish pistol that was owned by my son and I can positively state that." At this juncture the defendant admitted the pistol belonged to witness' son and that it was in the safe. On cross-examination this witness testified: "My safe was not drilled and I couldn't say it was blasted; as to the condition of the door, it looked like it had been knocked off with a hammer; the door was still on the hinges. The combination was knocked out of the door and the inner lining, the asbestos cracked up—I mean inside, behind the combination. Yes, there was evidence that the back door had been jimmied and re-locked; it had a spring on it."

The foregoing is all of the testimony relative to the corpus delicti. And that this testimony is so clearly insufficient to sustain the indictment no discussion would appear to be necessary. In the first place it affirmatively appears that if crime was committed, it was in an office, the office of State witness Moon. It is elementary that an office as described by this testimony is not, in contemplation of law, a shop, store, or warehouse, as averred in the indictment. This patent variance of itself would effect a reversal of the judgment from which this appeal was taken. There appears also a fatal variance as to the ownership of the alleged stolen property, both as to money and the two pistols described in the indictment. Moreover, no attempt was made to prove the value of the alleged stolen pistols, therefore there was no evidence to sustain that averment in the indictment.

In this case we must deal with the questions as the record presents them, and hence are without authority to go beyond the record. There is no evidence in the case tending to show the ownership of the alleged stolen property to be in the named injured party. Nor is there any evidence tending to show that the defendant was ever seen in the vicinity or near the place of the alleged commission of the offense. The evidence tends to show that some several weeks after the time the offense was committed he was in possession of a little Spanish pistol which admittedly was the property of the son of State witness Moon. This evidence also shows how and when he came into the possession of the pistol. By several witnesses, all of whom testified to the effect they were in no way connected with defendant, by relationship, or otherwise, and, further, that they had no interest in this case, it was shown that he purchased the pistol from a man in the office of the Belmont Hotel and paid him for same. The defendant testified to the same effect, and all this testimony was without conflict and no attempt was made to impeach any of said witnesses.

The conviction of this appellant appears to have rested upon conjecture superinduced, very probably, by the many illegal and unauthorized statements of one J. A. Haynes, the only other witness for the State. Numerous statements made by said witness were hearsay and not testimony. A conviction should not be rested upon such unauthorized statements as were made by this witness.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.