7 So.2d 513

**ANTHONY v. STATE.**

6 Div. 707.

Court of Appeals of Alabama.

March 24, 1942.

Rehearing Denied April 7, 1942.

Morel Montgomery, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of burglary, this appeal was taken.

The indictment upon which the trial was had, in the lower court, is in words and figures, as follows:

"The State of Alabama, Jefferson County. } Circuit Court of Tenth Judicial Circuit
July Term, 1938

"The Grand Jury of said county charge that, before the finding of this indictment, Sam Anthony, with intent to steal, broke into and entered a building, the property of Sloss-sheffield Steel & Iron Co., a corporation in which goods, merchandise or money, things of value, were kept for use sale or deposit, against the peace and dignity of the State of Alabama."

The evidence in this case, as shown by the record, is entirely circumstantial, and where this is true our appellate courts have definitely announced certain and specific rules which must govern. These rules have been adhered to for many years, and must prevail in every criminal case where the prosecution is rested upon such evidence. We here quote with our continued approval some of the salient rules here applicable.

■ "In order to warrant a conviction on circumstantial evidence it is necessary to prove each circumstantial fact beyond a reasonable doubt; circumstantial evidence from which an inference of their existence may be drawn by the jury is not sufficient; one presumption of fact cannot be based upon another. Vernon v. United States, 8 Cir., 146 F. 121; State v. Lackland, 136 Mo. 26, 37 S.W. 812.

■ "Where circumstantial evidence consists of a number of connected and interdependent facts and circumstances, it is like a chain which is no stronger than its weakest link; if any link is missing or broken the continuity of the chain is destroyed and its strength wholly fails. 16 C.J. 765 (1569)d.

■ "The evidence in this case is entirely circumstantial; where this is the case, and fairly permits an inference consistent with defendant's innocence, it will not support a conviction. Way v. State, 155 Ala. 52, 46 So. 273.

■ "The general rule applicable to this class of cases is thus stated: 'The test of the sufficiency of circumstantial evidence is, not whether it produces as full conviction as the positive testimony of a single credible witness, but whether it excludes from the minds of the jury every reasonable doubt of the defendant's guilt.' Matthews v. State, 55 Ala. 65; Mickle v. State, 27 Ala. 20; Faulk v. State, 52 Ala. 415."

The foregoing rules, and others of like import, have been enunciated in innumerable other decisions, and opinions, of the two appellate courts of this State. But we deem it unnecessary to reiterate, or quote further, in this connection; as those above stated are sufficiently full and comprehensive, in view of what we shall say in this opinion.

Applying, as we must, the rules as announced, to the facts adduced upon the trial below, we are of the opinion there is no phase of this case upon which the verdict of the jury, and the consequent judgment of conviction from which this appeal was taken, could, or should, be rested. The trial below was replete with error, and the court fell into reversible error in refusing to grant defendant's motion to exclude the evidence, which motion was promptly made at the conclusion of the State's case.

■ From the record, we can readily understand the difficulty with which the State was confronted in its effort to make out the case as charged in the indictment upon the meagre facts at hand. And in this connection, the writer is clear to the conclusion that the excellent officers who tried to work up the case, and gave their testimony, should be commended for their untiring efforts and manifest efficiency in this undertaking. It is the law, however, as stated by the Supreme Court, in the case of Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462:

"The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law."

■ It is also apparent that the earnest and fair trial judge, was confronted by innumerable difficult questions to rule upon, throughout the entire trial. This was

clearly manifest by the number of qualified rulings he was called upon to make wherein the assurance was given that the doubtful testimony insisted upon by the State "would be connected ·up," upon the strength of which assurance the court allowed the testimony to be introduced over the strenuous and insistent objections of the defendant. It is apparent from the record, that in numerous instances, this doubtful testimony was never in any manner connected up in line with the assurance given the court. By this means there was permitted to remain before the jury for its consideration much testimony based upon surmise, conjecture, opinions and illegal conclusions of the several witnesses, and upon such testimony a conviction for crime may not be rested, or had.

▪ As will be seen, the indictment alleges that the building burglarized was the property of the Sloss-Sheffield Steel & Iron Co., a corporation. Upon the trial no proof of this allegation was had. Witness Starnes simply testified "The Sloss Company is a corporation, located in Jefferson County." This court cannot judicially augment or enlarge upon said statement of this witness, and this evidence fails to prove the material allegation of the indictment that the building belonged to the Sloss-Sheffield Steel & Iron Co., a corporation. Noojin v. State, 29 Ala.App. 178, 194 So. 414; Stuckey v. State, 28 Ala.App. 83, 180 So. 116.

▪ Further, the indictment contains the material allegation, "in which goods, merchandise or money, things of value, were kept for use sale or deposit." No attempt of any nature was made to offer proof of said material averment, hence, the case must fall for that reason also. Gilmore v. State, 99 Ala. 154, 13 So. 536; Ashmon v. State, 9 Ala.App. 29, 63 So. 754; Lindsay v. State, 19 Ala. 560; Porter v. State, 17 Ala.App. 550, 86 So. 143; Harmon v. State, 21 Ala.App. 377, 108 So. 643.

▪ State witness, Virgil Sandefer, a City detective, testified, over the objection and exception of defendant, that he, with others, went to the city jail, where Sam Anthony was confined as a prisoner and took his (Anthony's) shoes off of him and carried them away to the scene of the alleged crime, for the purpose of comparing the shoes with certain tracks. This act of this witness was unlawful, under the law he had no right to take defendant's shoes off of his feet and carry them away for the purpose stated. Davis v. State, 131 Ala. 10, 16, 31 So. 569; Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L.R.A. 766, 11 Am.St.Rep. 84. In the Davis case, supra, the Supreme Court said: "This testimony was clearly illegal upon the principle that the accused cannot be compelled to do or say anything that may tend to criminate him * * *." [131 Ala. 10, 31 So. 571.] The principle above declared is founded upon the protection guaranteed to him by the Constitution that "he shall not be compelled to give evidence against himself." Art. 1, § 6, Const. 1901.

▪ Likewise, it was error for said witness, over proper objection and exception, to be allowed to testify as to certain alleged inculpatory admissions made to him by defendant while incarcerated in said jail. As appears of record, said statements had no connection in any manner with the commission of the crime with which he was charged. Such statement was highly prejudicial, unauthorized and illegal. It could have had no effect other than to cast opprobrium upon the defendant and place him in a very unfavorable light before the jury.

▪ Included with the record several exhibits have been sent to this court for inspection. These exhibits consist of numerous photographs or pictures, and purport to have been taken at the scene where the alleged crime was said to have been committed. We assume, of course, these exhibits as sent up for our inspection are in the same condition as when introduced in evidence upon the trial and submitted to the jury. If this is true, they were improperly and erroneously admitted in evidence upon the trial, for the reason, on the back of these exhibits, written endorsements appear. Viz: On "State Exhibit L" there is written in explanation of the photo "Sam Anthony Car Parked," and so, with the other State exhibits. Such endorsements must of necessity have been the mere conclusion of the writer thereof, and each of said endorsements affirmatively appears as the surmise, opinion or conjecture mayhap, suspicion, of the writer of the endorsements, all of which were wholly unauthorized and illegal.

▪ We are of the opinion that the exception duly reserved to a portion of the court's oral charge, was in point, and well taken. The utterances complained of were

clearly a charge upon the effect of the evidence, which was error to a reversal. In matters of this kind, the trial court must determine and decide whether there was any evidence on the particular point, and if this inquiry is determined in the affirmative, the court then must submit the evidence bearing thereon to the jury, but the court has no authority to state as a fact to the jury there is evidence to .sustain the insistence of the question under consideration. Glover v. State, 21 Ala.App. 423, 109 So. 125(10).

Several special written charges were refused to defendant. We find that some of these charges properly stated the law bearing upon the issues involved in this case. Upon examination we find that the action of the court in refusing such charges, cannot be justified upon the theory that these charges were fairly and substantially covered by the oral charge of the court, or by the charges given at request of defendant. As to this, however, we will not particularize as not being necessary to the conclusion reached.

Practically all the questions discussed herein above were made grounds for defendant's motion for a new trial. There was error in overruling and denying said motion.

The judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.